PER CURIAM.
Jerome Belsky appeals from the financial provisions of a judgment dissolving his marriage to the appellee.
The principal points on appeal are that the award of lump sum alimony was excessive as to the needs of the wife and as to the husband’s ability to pay and, further, that the trial court erred in enjoining the appellant from extending a trust which will expire on December 14, 1976 by its terms.[1]'
The record on appeal discloses that the parties were married in early 1960; they adopted two small children; they had lived on a lavish scale in the City of New York; have gone through certain domestic litigation in the State of New York, which is not pertinent to this decision. We find no error in the award of lump sum alimony to the wife, in light of the total assets that will come into the possession of the husband as the settlor of a short term Massachusetts Trust in 1976. Pending the receipt of these funds, the trial judge provided for periodic alimony, which is not an issue on this appeal. The husband has current assets on hand in excess of $250,000.-00.
Examining the record in toto, we find no error on the part of the chancellor in the amount of the lump sum award.[2] Fishman *112 v. Fishman, Fla.App.1971, 245 So.2d 258; Langston v. Langston, Fla.App. 1972, 257 So.2d 625; Bosem v. Bosem, Fla.1973, 279 So.2d 863. As to the ability of the husband to pay, this may be diminished at the present time but, from the record, he will obviously have the capacity to make such a payment upon the termination of the trust which he created and which will expire in 1976. The trust, by its terms, will expire on December 14, 1976 although the trust also contains a provision which would permit the husband, as settlor, to continue the trust. No such election had been made prior to the final judgment involved in this case, and we find no error in the trial judge prohibiting the appellant from continuing this trust so that upon its termination he may receive the corpus [which the record reflects will have a total value in excess of $500,000.00.]
The appellant also contends that the court lacked the jurisdiction to enter an order as to the trust in Massachusetts, citing Biederman v. Cheatham, Fla.App. 1964, 161 So.2d 538; Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283. We find these authorities to be good law but inapplicable in the instant case, as the trial judge did not interfere with the trustees or the corpus of the trust in Massachusetts but only entered an order in personam against the appellant which is effective upon the expiration of the trust. The courts have the power in equity matters to enter in personam orders, even though they may affect assets in a foreign jurisdiction. Winn v. Strickland, 34 Fla. 610, 16 So. 606; Lemire v. Galloway, 130 Fla. 101, 177 So. 283; Tower Credit Corporation v. State, Fla.App.1966, 187 So.2d 923.
Therefore, for the reasons above stated, the order respecting the financial aspects of the dissolution of marriage proceedings be and the same is hereby affirmed.
Affirmed.

. The appellant also sought reversal of the award of attorney fees, contending that the award was not supported in the record. This point is found to be not well taken, in light of the stipulation of the parties.

. Upon the satisfaction of this obligation, the husband is relieved of any periodic support.