538 So.2d 529 (1989)
BCE DEVELOPMENT PROPERTIES, INC., Appellant,
v.
AERO EXCHANGE, a Florida Corporation, Appellee.
No. 88-1377.
District Court of Appeal of Florida, Fourth District.
February 15, 1989.
*530 Stuart H. Singer, Laura M. Thomas and Reginald J. Clyne of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, for appellant.
Richard M. Goldstein of Goldstein & Tanen, P.A., Miami, for appellee.
HERSEY, Chief Judge.
We hold in this case that sale of an airplane in Palm Beach County, Florida, to a buyer procured by appellee (as broker under a brokerage contract entered into in Palm Beach County, Florida) subjects appellant, seller, to personal jurisdiction of the courts of Florida in an action by the broker to recover a commission for effectuating that sale.
Appellant, BCE Development Properties, Inc., succeeded to all of the assets of its now-dissolved predecessor, Oxford Properties, Inc., the corporation that executed the brokerage contract as seller of the airplane in question. It is therefore not a sufficient defense against an assertion of jurisdiction for BCE to allege it never did business in Florida for it is accountable by law for the continuing transactions of its predecessor. Nicolet, Inc. v. Benton, 467 So.2d 1046 (Fla. 1st DCA 1985). See also Bernard v. Kee Manufacturing Company, Inc., 409 So.2d 1047 (Fla. 1982).
Further, the contract was silent as to the place of payment. Thus the debtor, appellant, must seek out the creditor, appellee, and the breach of contract for nonpayment occurs where the creditor is domiciled. See Borkson, Simon & Moskowitz, P.A., v. Troutman, 534 So.2d 928 (Fla. 4th DCA 1988); Osborn v. University Society, Inc., 378 So.2d 873 (Fla. 2d DCA 1979). See also Kane v. American Bank of Merritt Island, 449 So.2d 974 (Fla. 5th DCA 1984).
We conclude that appellant had sufficient contacts with this jurisdiction to satisfy due process requirements and traditional notions of fair play and substantial justice. See Maschinenfabrik Seydelmann v. Altman, 468 So.2d 286 (Fla. 2d DCA), rev. denied, 476 So.2d 672 (Fla. 1985). When a corporation purposefully avails itself of the privilege of conducting activities within the forum state, it has clear notice that it is subject to suit there. Ford Motor Company v. Atwood Vacuum Machine Company, 392 So.2d 1305 (Fla.), cert. denied, 452 U.S. 901, 101 S.Ct. 3024, 69 L.Ed.2d 401 (1981).
We affirm denial of the motion to dismiss.
AFFIRMED.
DOWNEY and LETTS, JJ., concur.