# IN RE: ESTATE OF HOLT
## Case No. 88-3783 CP
Fifteenth Judicial Circuit, Palm Beach County
October 11, 1989

## OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

*ORDER DETERMINING HOMESTEAD PROPERTY TO BE
SUBJECT TO THE CLAIMS OF CREDITORS, CONSTRUCTION
OF WILL AND DETERMINATION OF BENEFICIARIES*

This cause came before the court for trial on September 21, 1989, based upon a stipulation of uncontradicted facts.

1. Decedent, Grant B. Holt, died July 23, 1988, as a resident of

Palm Beach County, Florida. He was survived by seven adult children. Two of his adult children (Diana and Donna) were born of his first marriage and shall be referred to as First Marriage Children. Three of his adult children (Julian, Gerald and Roland) were born of his second marriage and shall be referred to as Second Marriage Children. One adult child (Lance) was born of a third marriage and one adult child (Michelle) was adopted during the third marriage; both shall be referred to as Third Marriage Children.

2. Grant B. Hold was not survived by a spouse. He owned and resided in a condominium unit located in Palm Beach County which has been specifically described in the pleadings.

3. Grant B. Holt's last will and testament dated May 27, 1987, was admitted to probate in Palm Beach County and Letters were issued to Gerald Holt on September 27, 1988.

4. The decedent's will specifically defines "my children," limiting that definition to the first and second marriage children. Decedent indicates in his will that all references to children would refer to that definition.

5. Decedent was granted a Special Power of Appointment by his father, Grant J. Holt, under an Indenture of Trust dated December 18, 1951. The special power permitted decedent to appoint decedent's share of his ancestor's trust among decedent's children, "in such proportions and with such exclusions as (decedent) may under the special power hereby given him . . . by his . . . last will and testament (whenever executed) appoint, . . ."

6. Decedent, in his last will and testament exercised the Special Power of Appointed granted by his ancestor in, favor of "my children in equal shares."

7. Prior to decedent's execution of the above described will, decedent was divorced from Sheila C. Holt, mother of the Third Marriage Children. A Broward County Circuit Court Dissolution of Marriage Judgment, entered March 17, 1982 provided *inter alia* that decedent "shall maintain as beneficiaries of his Old Colony Trust the two children of the parties and each child shall share equally with the other children of the husband."

8. Lance, a Third Marriage Child, has petitioned the court to determine beneficiaries and to construe the will of decedent.

9. Gerald, as Personal Representative, has petitioned the court for a determination of homestead as to essential the only asset of the estate, the decedent's residency with an inventory value of $46,000.

**123**

Lance has responded to that petition and has incorporated in his response a determination for beneficiaries and construction of the will.

10. All parties agreed judicial economy dictates the Petitions for Determination of Beneficiaries, Construction of Will and Determination of Homestead be determined in the same proceeding.

11. Additionally, Sheila Holt, the former wife and mother of the Third Marriage Children, has filed an independent action pursuant to her claim timely objected to by the personal representative. Sheila Holt's action seeks enforcement of the November 1, 1978 Order Establishing Child Support Arrearages at $3,410 and the enforcement of the aforementioned Final Judgment of Dissolution calling for the payment of child support on a monthly basis. This action is in the Law Division of the Circuit Court, in and for Palm Beach County.

## ISSUES

1. Is the homestead of a Florida decedent who dies without a surviving spouse but with adult children only, and who in his will devises his homestead residence to some but not all of his children, still considered homestead so as to be free from the claims of creditors?

2. Did the Florida Circuit Court in the dissolution of marriage action, wherein the husband and wife were the only parties and that court had personal jurisdiction of them, have the authority to direct the husband, the donee of a special power of appointment, to exercise that power in favor of a specific individual or class of individuals?

3. Assuming arguendo the Circuit Court did have personal jurisdiction and authority to make the direction set forth in the second issue, what relief, if any, can be granted by this court to secure the interest of those individuals who failed to receive their share of trust property as the result of the husband's failure to obey the court order in the dissolution proceedings?

## LAW

The Florida Constitution, Article X, Section 4, provides:

"(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon . . . the following property owned by a natural person:

(1) A homestead . . .

124

(2)(b) These exemptions shall inure to the surviving spouse *or to the heirs of the owner.* (emphasis supplied)

(2)(c) The homestead shall not be subject to devise if the owner is survived by a spouse or a minor child. . . ."

A "homestead" is exempt from creditors immediately upon the death of the decedent and does not become a part of the decedent's estate for administration purposes, unless the deceased, in his last will and testament, makes homestead property the subject of a devise, and such devise is not proscribed by the constitution.

Florida law is clear that a homestead can be devised by the residuary clause of the will. See *Estate of Murphy,* 340 So.2d 107 (Fla. 1976) and *In re: Mueller's Estate,* 419 So.2d 784 (Fla. 2d DCA 1982). Grant B. Holt's homestead was therefore validly devised to the residuary beneficiaries of his estate.

The term "heirs" is defined by Section 731.201(18) of the Florida Statutes as:

"Those persons, including the surviving spouse, *who are entitled under the statutes of intestate succession* to the property of a decedent." (emphasis supplied)

Grant B. Holt was not survived by a spouse and as a result his heirs are defined by F.S. 732.103:

"Share of Other Heirs-The part of the intestate estate not passing to the surviving spouse under § 732.102, or the entire intestate estate if there is no surviving spouse, descends as follows:

(1) To the lineal descendants of the decedent.

(2) If there is no lineal descendant, decedent's father and mother equally, or to the survivor of them."

The children of the decedent's first and second marriages are by way of statutory definition not the only lineal descendants of the deceased, as he had two additional children resulting from his third marriage. The Supreme Court decision in *Public Health Trust of Dade County v Lopez,* 531 So.2d 946 (Fla. 1988), relied upon the language of the constitution and above statutory provisions relating to homestead exemption for the determination of "heirship." The Supreme Court preserved the exemption for any natural person and that person's surviving spouse or heirs, defining heirs as that term is set forth in Section 731.201(18) of the Florida Statutes, 1985. In its decision the Supreme Court stated:

"The homestead protection has never been based upon principles of

**125**

equity . . . but always has been extended to the homesteader and, after his or her death, to the heirs, whether the homestead was a twenty-two room mansion or a two-room hut, and whether the *heirs* were rich or poor." (emphasis supplied)

As Article X, Section 4, of the Florida Constitution specifically provides for the devise of the homestead in limited factual situations, and the Legislature has clearly set forth who is, and who is not, "an heir" within the statutory scheme of the administration of estates which was unknown at common law.

As to the second issue, the Florida Circuit Court, without question, had subject matter jurisdiction of the dissolution of marriage action pending before it and as both the husband and wife were personally present before the court, it also had personal jurisdiction of them. However, the trust in question was a Massachusetts Trust and its trustee a Massachusetts Domiciliary was not made a party to the dissolution proceedings. The trial court had personal jurisdiction over Grant B. Holt and it had the authority to enter a decree acting directly upon his person, although the subject matter of res affected by such a directive was beyond the court's territorial jurisdiction. See *LeMire v Galloway*, 177 So. 283 (Fla. 1937) and *Belsky v Belsky*, 324 So.2d 111 (Fla. 3d DCA 1976).

The trial court, in the dissolution proceedings, did not have jurisdiction of the trust assets situate in the State of Massachusetts as the highest tribunal in this land "has rejected the suggestion the probate decree of the state where the decedent was domiciled has an in rem affect on personalty outside the forum state that could render it conclusive on the interests of non residents over whom there was no personal jurisdiction." *Hanson v Denckla* 357 U.S. 235, 2 L.Ed 2d 1283, 78 S.Ct. 1228 (1958).

The crux of the dilemma is, the Florida trial court, although having the authority to require Mr. Holt to exercise his special power of appointment in a particular manner, failed to have that remedy pursued to fulfillment and Mr. Holt died without having exercised that special power in conformity with the trial court's decree.

A power of appointment is a unique legal creature and its exercise is an event which changes or shifts a preconceived result, relating back to the very document creating the power. The Relation Back Doctrine is no where better described than in the restatement of the Law of Property:

"The donee of the power of appointment likewise has the power to create interest in other persons but it is the underlying dogma of the law of powers of appointment that such interests constitute transfers from the donor of the power, not from the donee."

". . . The doctrine of relation back minimizing as it does the importance of the donee of the power, is the mainstay for that rule of law which treats the donee as a mere agent with no property interest. Although under attack by many commentators in the field of future interest, the prevailing view still remains that a general power of appointment is mere mandate or authority to dispose of property and not an interest in property itself." See *In Re: Estate of Wylie,* 342 So.2d 996 (Fla. 4th DCA 1977).

Addressing the remaining issue: What relief, if any, is available to secure the interest of the individuals who fail to receive their share of trust property as a result of the decedent's failure to obey the court in the dissolution proceedings?

As the Court has ruled in its answer to the first issue addressed, the homestead of Grant B. Holt, because of its unique devise, became subject to the lawful claims of creditors.

The children of the third marriage are relegated to the status of ordinary creditors of the decedent's estate with the ability to share in those assets which are subject to the claims of creditors in the same category in which they now find themselves, assuming the timely filing of a claim. Based upon the foregoing it is

ADJUDGED:

1. The homestead of Grant B. Holt, decedent, described as:

Unit 5B. TOWN AND COUNTRY ESTATE CONDOMINIUM, according to the Declaration of Condominium, recorded in Official Records Book 2505, at Page 1915, Public Records of Palm Beach County, Florida, is subject to the decedent's creditors' claims properly filed and established.

2. The court reserves jurisdiction of the parties and cause to determine the extent, if any, of the claims of Lance Holt and Sheila C. Holt, to ultimately determine from which assets and to what extent these claims shall be paid. The court takes special note Michelle Holt has not participated in these proceedings.

ORDERED October 11, 1989 at West Palm Beach, Palm Beach County, Florida.