Chad M. **KOPPIE**, Plaintiff–Appellant,

v.

**UNITED STATES** of America and Ligon "Air", an Indiana partnership, Defendants–Appellees.

No. 92–3125.

United States Court of Appeals, Seventh Circuit.

Argued May 7, 1993.

Decided Aug. 11, 1993.

---

Dean E. Richards, Indianapolis, IN (argued), Vincent J. Backs, Beers, Mallers, Backs & Salin, Fort Wayne, IN, for Chad Koppie.

Richard E. Steinbronn (argued), Deborah A. Lawrence, Barnes & Thornburg, Fort Wayne, IN, for Ligon "Air".

Robert A. Doehl, U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, DC, for U.S.

Before BAUER, Chief Judge, and CUMMINGS and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

Plaintiff Chad M. Koppie sued Ligon "Air", an Indiana partnership, and the Federal Aviation Administration ("FAA"),[*] over the ownership of a plane. Koppie claims that Ligon "Air" is in control of the aircraft, a Convair 880, which he rightly owns, and that the FAA took the wrong side in the dispute by issuing a Certificate of Registration to Ligon "Air" rather than to him. Plaintiff claims that these misdeeds by Ligon "Air" and the federal government cost him $667,000, but the district judge was not convinced and neither are we. Koppie's case against Ligon "Air" is based on diversity jurisdiction and his claim against the government is a federal question stemming from the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680.

Koppie purchased, or thought he purchased, the Convair from Hudson General Corporation in 1987 for a mere $5,000, a strikingly good deal for an aircraft that originally cost $10 million. Hudson had obtained title through satisfaction of a garnishment lien against Ligon "Air", which owed it money for storing and maintaining the plane. But unbeknownst to Koppie, the aircraft had made its way back into the hands of Ligon "Air" through a circuitous route. Koppie took ownership subject to the recorded interest of Cromwell State Bank, the original lienholder, and Cromwell assigned its interest to something called the "880 Partnership", which then resold the plane to Ligon "Air". Both the "880 Partnership" and Ligon "Air" are owned by the same two people, Susan and Cliff Pettit. Koppie knew something was amiss when in June or July of 1987 he went to the airport to look after his plane and discovered Michael Potter, whom he thought was an agent for Ligon "Air", working on the aircraft.

In the meantime, Koppie had applied for a Certificate of Aircraft Registration from the FAA. On June 23, 1987, he received a letter denying his request because of the conflicting claims over ownership. The letter said in part:

> Review of the aircraft file indicates it was repossessed May 23, 1987, premised upon a security agreement, which was recorded by the FAA on July 9, 1982, and subse-

---

[*] The United States was named as a defendant in the amended complaint while the original complaint incorrectly named the Federal Aviation Administration as a defendant. The government does not challenge this error and indeed consented to the amendment (R. 11 reproduced in government's supplemental brief).

quently sold to Ligon Air, 105 West 2nd St., Ligonier, IN 46767. In view of the repossession and subsequent sale, we are unable to issue a certificate of aircraft registration in your name at this time. Having learned that his ownership of the plane was in serious dispute, Koppie signed two documents releasing whatever interests he might have had in the Convair in return for consideration of $36,000 from Michael Potter. Koppie eventually received and accepted the money, and the plane was flown to South Africa, where it remains.

■ The district court granted Ligon "Air"'s motion for summary judgment in December 1991, but judgment was not officially rendered until August of 1992 (plaintiff's app. at 29). At that time the district judge also handed down an order and judgment granting the FAA's motion for summary judgment. Koppie now claims that the release of his interests in the Convair was nullified by a subsequent document between him and Michael Potter and Western Continental Holdings, Ltd. But in that document Potter and Western Continental Holdings acknowledged that they have no interest of any kind in the plane. The document is thus meaningless. Clearly, it is impossible for a person who owns no interest in a piece of property to execute an agreement for consideration transferring ownership of the property to another. This is akin to the proverbial selling of the Brooklyn Bridge. Since the subsequent document has no validity, Koppie's earlier decision to accept $36,000 for the relinquishment of all claims to the Convair prevents him from now complaining that he, not Ligon "Air", owns the aircraft.

■ As for the FAA, Koppie alleged in his first amended complaint under the Federal Tort Claims Act that the agency wrongfully denied him a Certificate of Aircraft Registration and tortiously converted Koppie's property. The major flaw in this argument is that merely registering an aircraft with the FAA does not determine ownership and has no legal effect. Under 49 U.S.C. § 1401(f), the purpose of registering a plane is to define its nationality for international travel, and the statute states explicitly: "Such certificate shall be conclusive evidence of nationality for international purposes, but not in any proceeding under the laws of the United States. Registration shall not be evidence of ownership of aircraft in any proceeding [such as here] in which ownership by a particular person is, or may be an issue." See *Northwestern Flyers, Inc. v. Olson Bros. Mfg. Co., Inc.*, 679 F.2d 1264, 1270 n. 13 (8th Cir.1982) (registration does not control questions of title). Since the registration does not even have effect in American courts, and the statute expressly forbids the kind of ownership claim made here based on certification, Koppie is clearly stretching credulity in arguing that the FAA harmed him with regard to ownership by failing to grant him, rather than Ligon "Air", a certificate. In essence, such a certificate is worthless as far as proving ownership, and thus Koppie could not by definition have lost anything by its denial.

The district court also held that Koppie's claims against the FAA were barred by the Federal Tort Claims Act's exception for government officials performing discretionary functions, 28 U.S.C. § 2680, and by the doctrine of collateral estoppel because a summary judgment order had already been issued against Koppie in favor of Ligon "Air". Having decided that the federal government is simply not liable in these circumstances for rendering an opinion about ownership, we need not reach these two issues. The judgments for both defendants are affirmed, but Ligon "Air"'s motion for sanctions is denied because, although unsuccessful, plaintiff's appeal was not frivolous within the meaning of Rule 38 of the Federal Rules of Appellate Procedure.