660 So.2d 1139 (1995)
GENERAL ELECTRIC CAPITAL CORPORATION, Appellant,
v.
ADVANCE PETROLEUM, INC., d/b/a World Fuel Services of Florida and World Fuel Services, Appellee.
No. 94-2092.
District Court of Appeal of Florida, Third District.
September 13, 1995.
Rehearing Denied October 18, 1995.
*1140 Jamerson, Sutton & Surlas and Jeffrey R. Surlas, for appellant.
Shutts & Bowen and Harold E. Patricoff, for appellee.
Before BARKDULL, NESBITT, and LEVY, JJ.
LEVY, Judge.
An aircraft owner appeals an order entering summary judgment and also appeals a subsequent order which foreclosed a lien upon its aircraft in favor of a fuel supplier. We affirm.
Aeroposta, S.A., (hereinafter "the airline") was an Argentinean airline which serviced Miami. The airline leased a Boeing 747 aircraft from appellant General Electric Capital Corporation (hereinafter "GECC"). The airline purchased fuel for the jet while in Miami *1141 from the appellee Advance Petroleum, Inc. (hereinafter "API").[1] Initially, the airline bought all its fuel for cash, but later was allowed to purchase fuel on credit. During the summer of 1993, the airline experienced financial difficulties, and ran up an accounts payable to API of approximately $279,887.16. By August of 1993, the airline was in default on the lease from GECC; accordingly, GECC filed a replevin action in Dade Circuit court. On August 11, 1993, GECC repossessed the jet. The next day, GECC flew the jet out of the jurisdiction, and has not brought it back at anytime since.
On August 20, 1993, API filed a "Verified Notice of Claim of Lien" in Dade County against the jet for monies owed for the fuel. The notice was filed pursuant to Florida Statutes, Sections 329.41 and 329.51. These sections authorize the provider of aircraft fuel to obtain a lien upon an aircraft to secure unpaid fuel charges. See §§ 329.41, .51, Fla. Stat. (1993). A copy of this notice was filed with the Federal Aviation Administration (hereinafter "F.A.A.") in Oklahoma City on August 27, 1993.[2]
On October 26, 1993, API filed a complaint in Dade Circuit Court seeking to foreclose on its lien. The complaint was filed against both the airline and GECC. After its motion to dismiss was denied, GECC answered the complaint, and raised various affirmative defenses. On April 26, 1994, API moved for summary judgment, and a hearing on the motion was set for July 25, 1994.
The trial judge granted API's motion for summary judgment on July 29, 1994, and ultimately entered a final judgment of foreclosure in the amount of $311,173.96, representing the amount of the unpaid fuel charges plus interest. GECC now appeals.
Initially, we note that, pursuant to Florida Statutes, Sections, 329.41 and 329.51, and pursuant to the facts as they appear in the record before us, API clearly has a valid, perfected lien on the subject aircraft. §§ 329.41, .51, .01, Fla. Stat. (1993).[3] There being no genuine issues of material fact in dispute, the court properly entered summary judgment on API's complaint for foreclosure.
GECC, nevertheless, raises several issues on appeal concerning the validity of the trial court's orders, only one of which merits discussion. GECC contends that the order of foreclosure should be reversed because the trial court did not have subject matter jurisdiction to foreclose on GECC's aircraft. GECC maintains that the trial court could not have jurisdiction over the aircraft since the aircraft was neither in Dade County nor in the State of Florida at the time that API's lien was purportedly perfected, or any time thereafter, including at the time the summary judgment and foreclosure orders were entered. We cannot agree. For the following reasons, we hold that the trial court properly exercised jurisdiction in foreclosing on the subject aircraft.
*1142 In addressing the jurisdictional issue, GECC incorrectly assumes that the trial court was bound to utilize in rem or quasi in rem jurisdiction to give effect to its orders. In advancing this argument, GECC overlooks the trial court's valid assertion of in personam jurisdiction over it. We find that this assertion of personal jurisdiction over GECC clearly comports with the mandates of the Federal and Florida Due Process Clause.[4]See § 48.193(2), Fla. Stat. (1993); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); White v. Pepsico, Inc., 568 So.2d 886 (Fla. 1990); Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989); Nichols v. Paulucci, 652 So.2d 389 (Fla. 5th DCA), review denied, 659 So.2d 1088 (Fla. 1995); Fontan Assocs., Inc. v. Medpark, Inc., 650 So.2d 207 (Fla. 3d DCA 1995); BCE Dev. Properties, Inc. v. Aero Exchange, 538 So.2d 529 (Fla. 4th DCA 1989). As stated by the Florida Supreme Court in White v. Pepsico:
Due process recognizes that while the privilege to do business in a forum carries with it the benefits and protections of law of the forum state, it also carries with it certain obligations, such as the obligation to respond to suits brought against it in that forum. A corporation may be compelled to answer suits through a state court's exercise of personal jurisdiction, provided that the corporation has sufficient contacts with the forum state.
White, 568 So.2d at 888.
As previously mentioned, the underlying action involved a statutory lien on personal property, to wit, GECC's airplane. "A lien is a qualified right or a proprietary interest, which may be exercised over the property of another. It is a right which the law gives to have a debt satisfied out of a particular thing." City of Sanford v. McClelland, 121 Fla. 253, 163 So. 513 (1935); accord Marshall v. C.S. Young Constr. Co., 94 Fla. 11, 113 So. 565 (1927); Phillips v. Atwell, 76 Fla. 480, 80 So. 180 (1918); Sandrew Constr. v. DeFourny, 515 So.2d 1351 (Fla. 2d DCA 1987). It does not, however, entitle the lienor to gain property rights in the property against which the lien is assessed; instead, a lien generally only entitles the lienor to seize the property and sell it in satisfaction of the debt. Seymour v. Adams, 638 So.2d 1044, 1047-48 (Fla. 5th DCA 1994). Were it not for the court's assertion of in personam jurisdiction, GECC would be correct in asserting that the underlying action should have been dismissed for want of jurisdiction. However, the trial court's proper assertion of in personam jurisdiction over GECC entitles the court to act on GECC's possessory interest over the aircraft without directly acting on the aircraft itself.
It has long been established in this and other jurisdictions that a court which has obtained in personam jurisdiction over a defendant may order that defendant to act on property that is outside of the court's jurisdiction, provided that the court does not directly affect the title to the property while it remains in the foreign jurisdiction. Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909); accord Dusesoi v. Dusesoi, 498 So.2d 1348 (Fla. 2d DCA 1986); Sammons v. Sammons, 479 So.2d 223 (Fla. 3d DCA 1985); General Motors Corp. v. State, 357 So.2d 1045 (Fla. 3d DCA), cert. denied, 365 So.2d 712 (Fla. 1978); Belsky v. Belsky, 324 So.2d 111 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 1180 (Fla. 1976). See also Hudson v. Hudson, 494 So.2d 664 (Ala. Civ. App. 1986); Davis v. Davis, 68 Cal. App.3d 294, 137 Cal. Rptr. 265 (Cal.Ct.App. 1977); Arthur v. Arthur, 625 S.W.2d 592 (Ky. Ct. App. 1981); Collins v. Collins, 898 P.2d 1316 (Okla. Ct. App. 1995); Brown v. Brown, 590 S.W.2d 808 (Tx. Civ.App. 1979); Goldman v. Bloom, 90 Wis.2d 466, 280 N.W.2d 170 (1979). In Fall, the United States Supreme Court, in the context of a divorce proceeding, spoke directly on this issue and noted as follows:

*1143 The territorial limitation of courts of a state over property in another state has a limited exception in the jurisdiction of a court of equity ... A court of equity, having authority to act upon the person, may indirectly act upon real estate in another state, through the instrumentality of this authority over the person. Whatever it may do through the party, it may do to give effect to its decree respecting property, whether it goes to the entire disposition of [the property] or only to affect [the property] with liens or burdens.
215 U.S. at 8, 30 S.Ct. at 6, 54 L.Ed. at 69. In other words, where a court sitting in equity has in personam jurisdiction over the defendant, it has the "power to require the defendant to do or to refrain from doing anything beyond the limits of its territorial jurisdiction which it might have required to be done or omitted within the limits of such territory." French v. Hay, 89 U.S. (22 Wall.) 250, 252-53, 22 L.Ed. 857, 858 (1874). These authorities make clear that, although a court may not directly act upon real or personal property which lies beyond its borders, it may indirectly act on such property by its assertion of in personam jurisdiction over the defendant.
Accordingly, pursuant to the aforementioned authorities, the trial court in the instant case has the power to require GECC to locate and return the subject aircraft to Dade County, so as to proceed with the court's order of foreclosure. In the event that the trial court finds that it is necessary to decree such an order, the court may, within the exercise of its powers, do whatever is necessary, including issuing an order of contempt, to compel GECC to acquiesce to its demands. The court may not, however, issue any orders which directly act on the aircraft, since the aircraft is not within the court's in rem or quasi in rem jurisdictional domain. Fall; see, e.g., Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987); Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980); Berlanti Constr. Co. v. Republic of Cuba, 145 So.2d 256 (Fla. 3d DCA 1962), cert. denied, 152 So.2d 170 (Fla. 1963). As a consequence, the order of foreclosure, naturally, may not be enforced until the aircraft is returned to Dade County.
In conclusion, we affirm the orders under review in all respects, and find that, to the extent that it becomes necessary, API may proceed with the enforcement of the order of foreclosure once the aircraft has been returned to this jurisdiction.
Affirmed.
NOTES
[1] API is one of several subsidiaries of International Recovery Corporation ["IRC"]. Other subsidiaries include World Fuel Services, Inc. ["WFS"], and World Fuel, Ltd. All of the subsidiaries are in the business of selling aircraft fuel, and are located throughout the world.
[2] Pursuant to the Federal Aviation Act, the FAA maintains an office in Oklahoma City for the registration of all ownership documents pertaining to any aircraft bought or sold within the United States. Title 49 U.S.C. § 1401 (1992). Additionally, the FAA maintains a central registry for the recording of any conveyances, security interests, or other encumbrances which purport to affect the title to any civil aircraft, as defined in the statute, located in the United States. Title 49 U.S.C. § 1403 (1992).

The requirement of recordation with the FAA is mandatory. Consequently, this federal recording statute preempts any state law which would purport to give priority to a claim against an aircraft where that claim was not recorded with the FAA in Oklahoma City, and where the competing claim was recorded with the FAA. Philko Aviation, Inc. v. Shacket, 462 U.S. 406, 103 S.Ct. 2476, 76 L.Ed.2d 678 (1983). However, where the question of competing claims against an aircraft involves two claims which have both been recorded with the FAA, then the question of priority is left to be determined by state law. See Philko Aviation; Gary Aircraft Corp. v. General Dynamics Corp., 681 F.2d 365 (5th Cir.1982), cert. denied, 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1366 (1983); Koppie v. Busey, 832 F. Supp. 1245 (N.D.Ind. 1992), aff'd, 1 F.3d 651 (7th Cir.1993); see also Carolina Aircraft Corp. v. Commerce Trust Co., 289 So.2d 37 (Fla. 4th DCA 1974).
[3] Appropriately, GECC has not attacked the validity of this lien on appeal.
[4] Among those facts contributing to the trial court's assertion of in personam jurisdiction are: the personal service on GECC's registered agent; and the various contacts which GECC had with Dade County, including the filing of a replevin action in Dade Circuit Court, and the use of a Dade County Sheriff to repossess its aircraft.