695 So.2d 466 (1997)
Nancy LALLOUZ, Appellant/Cross-Appellee,
v.
Charles LALLOUZ, Appellee/Cross-Appellant, and
Alice Lallouz, Appellee.
No. 96-395.
District Court of Appeal of Florida, Third District.
June 11, 1997.
Lynne Fessenden Bluni and John Lipinski, Miami, for Appellant/Cross-Appellee.
Deborah Marks, North Miami, for Appellee/Cross-Appellant.
*467 No appearance for Appellee Alice Lallouz.
Before FLETCHER, SHEVIN and SORONDO, JJ.
SHEVIN, Judge.
Nancy Lallouz appeals and Charles Lallouz cross-appeals a final judgment in a dissolution action. We reverse in part, affirm in part, and remand the cause.
The parties raise several grounds for reversal. We find merit only in Nancy's contention that the trial court erred in failing to adjudicate her claims concerning certain real property located in Broward County owned by Alice Lallouz, Charles's mother.[1] In addition to seeking a determination of property rights between herself and Charles as part of her request for equitable distribution, Nancy filed equitable and legal claims against Alice concerning ownership of the Broward County property.
Following trial, the court entered a final judgment finding that
there was a $110,000 townhouse in Hallandale purchased with marital funds in 1982. The townhouse was originally titled in Charles Lallouz's name, then transferred to Charles and Nancy Lallouz, then to Alice Lallouz, his mother.... Charles and Nancy Lallouz paid for the expenses, maintenance and costs of the condo for years. The townhouse was always reflected as an asset belonging to them on their financial statement.... While the court is limited to what it can do with the condominium, since it is located in Broward County and since Mr. Lallouz has no title interest in the property, the Court does find that the transfer of the condo to his mother was an intentional depletion of the marital estate by Mr. Lallouz which the court will take into account in equitable distribution.
Furthermore, in fashioning the equitable distribution scheme, the court found that
the townhouse in Hallandale was a marital asset and was not purchased as a gift to [Alice Lallouz], and that the quitclaim from Nancy Lallouz to Alice Lallouz does not reflect the parties' true intent to receive the property back. The court determines that Mr. Lallouz divested the marriage of the property and that Mrs. Lallouz did not concur, and that he intentionally did so and continues to reap the benefit of the depletion of the estate since he lives/lived in the townhouse with his mother at no cost with his new wife and child during much of the last two years. The current value of the townhouse is $125,000.
Upon Nancy's motion for clarification, the court found that it did not have jurisdiction over the Broward County property, noted its consideration of the townhouse as part of the equitable distribution scheme and entered judgment in favor of Alice on Nancy's claims.
The trial court erred in entering judgment against Nancy on her claims against Alice based on its incorrect belief that it lacked jurisdiction. "When the property that is the subject matter of the controversy is real and the parties are seeking to act directly on the property or title thereto, jurisdictional authority exists over the property only in the circuit where the land is situated." Ruth v. Department of Legal Affairs, 684 So.2d 181, 185 (Fla.1996); Goedmakers v. Goedmakers, 520 So.2d 575, 579 (Fla.1988). Thus, the Dade County court did not have in rem jurisdiction over the property and could not enter an order vesting legal title in Nancy. That rule, however, is not determinative of this case, where, as here, Nancy sought equitable relief alleging, inter alia, resulting and constructive trust claims against Alice. The prayer for such equitable relief does not "directly affect the property or its title." Ruth, 684 So.2d at 186; General Elec. Capital Corp. v. Advance Petroleum, Inc., 660 So.2d 1139, 1142-43 (Fla. 3d DCA 1995); Luskin v. Luskin, 616 So.2d 559, 561 (Fla. 4th DCA), review denied, 626 So.2d 206 (Fla.1993); Singer v. Tobin, 201 So.2d 799 (Fla. 3d DCA 1967), cert. denied, 209 So.2d 672 (Fla.1968). "[C]ourts of equity having jurisdiction of the person of a party have exercised the power to compel him to perform a contract, execute a trust, or undo the *468 effects of a fraud, notwithstanding it may relate to or incidentally affect the title to land in another jurisdiction." Royal v. Parado, 462 So.2d 849, 854 (Fla. 1st DCA 1985). The court's in personam jurisdiction alone provides the court with the authority to determine the equitable rights of the parties. Ruth, 684 So.2d at 186; General Elec., 660 So.2d at 1142. Therefore, the trial court had jurisdiction to determine those rights and to issue an order as to who among the parties was entitled to the property. See Ruth, 684 So.2d at 186. In addition, the court had jurisdiction to determine Nancy's entitlement to money damages from Alice. See Goedmakers, 520 So.2d at 579, and cited cases. Because the trial court did not realize that it had jurisdiction to adjudicate these claims, we must reverse the equitable distribution scheme and remand the cause for the court to reconsider the scheme in light of our opinion.
Remaining points on appeal and cross-appeal lack merit.
Affirmed in part; reversed in part; and cause remanded.
NOTES
[1] The court had in personam jurisdiction over Alice.