878 So.2d 1273 (2004)
James L. BAUMAN and Prosperity Financial, etc., Appellants,
v.
Sue M. RAYBURN, Appellee.
No. 5D04-330.
District Court of Appeal of Florida, Fifth District.
August 6, 2004.
*1274 Eric W. Ludwig of Eric W. Ludwig, P.A., Altamonte Springs, for Appellants.
Martin Cordell of Mel Pearlman, P.A., Fern Park, for Appellee.
TORPY, J.
Appellants challenge the denial of their motions to transfer venue from Orange County to Lake County in this suit seeking money damages and the imposition of a constructive trust on real estate located in Lake County. We affirm.
The complaint alleges that Bauman, while acting in a fiduciary capacity as accountant and financial advisor to Appellee, purloined her money and used it to purchase property in Lake County, which he then had titled in the name of Prosperity Financial Services, Inc., a corporation wholly owned by Bauman. Appellee alleges that these acts by Appellants constituted fraud and breach of fiduciary duty.
Bauman concedes that he is a resident of Orange County; therefore, venue is proper as to him. § 47.011, Fla. Stat. (2003). Although not a resident of Orange County, venue is also proper as to Prosperity Financial Services, Inc., because it is a co-defendant. § 47.021, Fla. Stat. (2003). Nevertheless, Appellants contend that the action must be transferred to Lake County pursuant to the so-called "local action rule," because Appellee seeks relief that affects property located in Lake County.
The "local action rule," although often discussed in the context of "venue," as the parties have in this case, is not actually a venue concept. Rather, it pertains to a court's subject matter jurisdiction to decide disputes related to real property located outside the court's territorial boundary. Goedmakers v. Goedmakers, 520 So.2d 575, 578 (Fla.1988); Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484, 489 (Fla. 5th DCA 1987) (superseded by statute on other grounds); Hudlett v. Sanderson, 715 So.2d 1050 (Fla. 4th DCA 1998). Under the rule, a court may not exercise in rem jurisdiction over property located outside its geographical territory. Publix Super Markets, Inc., 502 So.2d at 487. See also Lallouz v. Lallouz, 695 So.2d 466, 467 (Fla. 3d DCA 1997). Thus, an action directly related to the legal status of real property, such as an action to quiet title or to foreclose a mortgage or lien, must be brought in the circuit wherein the property is located. Id. The rule does not limit a court's in personam jurisdiction, however, even if the relief sought might incidentally affect real property located outside of the court's territory. Lallouz, 695 So.2d at 468. Whether the local action rule applies in a particular suit "depends upon the underlying major question in the case." Goedmakers, 520 So.2d at 579.
Here, the underlying major question is whether Appellants committed the tortious acts of fraud and breach of fiduciary duty. As a remedy for these purported wrongs, Appellee requests, in addition to monetary damages, that the court impose a constructive trust upon Appellants regarding the Lake County property.[1] *1275 To grant such relief only involves the exercise of in personam jurisdiction over Appellants, and, accordingly, the "local action rule" does not apply. Lallouz, 695 So.2d at 467. See also Royal v. Parado, 462 So.2d 849, 854 (Fla. 1st DCA 1985) (equitable action to rescind transfer of land was "in personam," not subject to "local action rule."); 77 Am.Jur.2d Venue § 11 (2003) (courts of equity act in personam;"local action rule" not applicable).
AFFIRMED.
THOMPSON and ORFINGER, JJ., concur.
NOTES
[1] "Constructive trust" is not a cause of action per se. Rather, it is an equitable remedy invoked to avoid an unjust enrichment. Saporta v. Saporta, 766 So.2d 379, 381 (Fla. 3d DCA 2000) (quoting Wadlington v. Edwards, 92 So.2d 629, 631 (Fla.1957)).