988 So.2d 63 (2008)
Johnee Ann Alle HIRCHERT, Appellant,
v.
HIRCHERT FAMILY TRUST, Appellee.
No. 5D07-3718.
District Court of Appeal of Florida, Fifth District.
July 11, 2008.
David S. Cohen and Jennifer L. Moore, of Law Offices of David S. Cohen, LC, Orlando, for Appellant.
Mark O. Cooper, of O'Neill, Liebman & Cooper, P.A., Orlando, for Appellee.
PLEUS, J.
This case is a good example of why a trustee should not treat assets in a trust as though they are his or her own. In 1992, Richard Hirchert and his first wife created a family trust providing for the division of their assets into a Survivor's Trust and a Residuary Trust upon the death of either spouse. The surviving spouse could access the principal of the Residuary Trust only if all his or her assets were "fully dissipated." Seventy-five percent of the marital home in California was placed in the Residuary Trust and twenty-five percent was placed in the Survivor's Trust. In 1996, Richard's first wife died. In 1998, Richard married Ann. Richard conveyed the title to the marital home from the trust to himself and then sold it, using the proceeds to pay for a new residence. Ann used some of her own money to improve the property. Two years later, Richard and Ann sold the property and bought a second residence *64 together, also in California. Title to both these homes was taken in the names of Richard and Ann as joint tenants with no mention of any interest by either trust. After Richard died, Ann moved to Florida.
Richard's son, the Trustee of the Residuary Trust, sued Ann in California, seeking to impose a constructive trust on the proceeds from the sale of Richard's original marital residence and to order Ann to convey those assets back to the Residuary Trust. It appears Richard's assets were not "fully dissipated." Richard had breached his fiduciary duty to the residuary trust.
After a two day trial, the California court found a breach of fiduciary duty. It then imposed a constructive trust on Ann's Florida property in the amount of $431,422, or seventy-five percent of its value. No appeal was taken in California. The Trustee, happy with the outcome of the trial in California, sought to domesticate the California judgment in Florida.
After receiving notice that the Residuary Trust had recorded the California judgment in Florida, Ann filed a complaint contesting the validity of the foreign judgment based on the lack of in rem jurisdiction over her Florida real property. Ann also sought a declaration as to the effect of the foreign judgment on her homestead rights.
The Trustee moved for summary judgment, arguing that the California court had personal jurisdiction and thus had authority to determine the equitable rights of the parties, including imposing a constructive trust on Ann's Florida real property. Ann also moved for summary judgment, arguing that the California court did not have jurisdiction to affect her Florida real property and thus the judgment was not entitled to full faith and credit. She also argued that the foreign judgment could not be placed as a lien on her Florida homestead property.
After a hearing on these motions, the trial court granted summary judgment for the Trustee, finding that: (1) the California court had sufficient personal jurisdiction to impose the constructive trust because the court was not directly affecting the Florida real property; and (2) the status of Ann's homestead was not yet before the court. Accordingly, the court established the foreign judgment as a final judgment in Florida.
Ann appealed the summary judgment. The trial court analyzed the jurisdictional issue as follows:
The Superior Court of the State of California for the County of San Diego, which entered the judgment in question in this matter, entered said judgment after a trial on the merits. Counsel for Defendant, JOHNEE ANN ALLE HIRCHERT actively participated in the trial. The California court, while not having in rem jurisdiction over the property that was situated in Florida did have in personam jurisdiction over the Defendant, JOHNEE ANN ALLE HIRCHERT.
....
A court of one state does not have the power to directly affect title to land physically located in another state. However, "[a] court of equity, having authority to act upon the person, may indirectly act upon real estate in another state, through the instrumentality of this authority over the person." Fall v. Eastin (1909) 215 U.S. 1 at 8, 30 S.Ct. 3, 54 L.Ed. 65 (Emphasis supplied) [sic]. "The court's decree does not operate directly upon the property or affect its title, but is made effectual through coercion of the defendant." Groza-Vance v. Vance, [162 Ohio App.3d 510,] 834 N.E.2d 15 (2005) citing Fall at 10, 11[, 30 S.Ct. 3] supra. See also MDO Development *65 Corporation v. Kelly, 735 F.Supp. 591 (S.D.N.Y.1990)....
Counsel for the Defendant has raised the "local action rule." Under such rule, "... court may not exercise in rem jurisdiction over property located outside its geographical territory." Bauman v. Rayburn, 878 So.2d 1273 (Fla. 5th DCA 2004) (Emphasis in the original] [sic]. However, as long as in personam jurisdiction exists, relief may be granted even if it might incidentally affect real property. Bauman at 1274. In that the California court in this matter had in personam jurisdiction, the local action rule would not apply for the relief sought and subsequently obtained in this matter. See also Gardiner v. Gardiner, 705 So.2d 1018 (Fla. 5th DCA 1998).
While "... jurisdictional authority exists over the property only in the circuit where the land is situated," this rule does not apply where a party, "... [seeks] equitable relief alleging, inter alia, resulting and constructive trust claims...." Ruth v. Department of Legal Affairs, 684 So.2d 181, 186 (Fla. 1996). "The court's in personam jurisdiction alone provides the court with authority to determine the equitable rights of the parties." Id. See also General Electric Capital Corporation v. Advance Petroleum, Inc., d/b/a World Fuel Services of Florida and World Fuel Services, 660 So.2d 1139 (Fla. 3d DCA 1995) [In personam jurisdiction comports with the mandates of the Federal and Florida Due Process Clause.]
(Emphasis in original). We agree with the trial judge's analysis.
The trial court went on to note:
Defendant has also raised the issue of her homestead status of the Florida property. Here, the property is not being conveyed or the title changed or transferred. No change in legal ownership has been ordered. A constructive trust has been established by the California court and the legal document so establishing the constructive trust is being filed in the Florida courts. Homestead is not a matter before the Court at this point.[1]
[1] It may be that at a later point when, and if, there is an attempt to convey the property an issue may arise as to the validity of the Homestead status based, in part, on the source of the funds used to purchase the property. LaBelle v. LeBelle, [sic] 624 So.2d 741 (Fla. 5th DCA 1993)[.] That issue is one for another day and another court.
We believe that the homestead issue raised in Ann's declaratory judgment count was properly before the court. The domesticated California judgment is creating homestead issues which the trial judge needs to resolve. We therefore remand for a judicial determination of homestead status and the legal effect, if any, of the California judgment on Ann's property.
AFFIRMED in part; REVERSED in part; REMANDED FOR FURTHER PROCEEDINGS.
GRIFFIN and SAWAYA, JJ., concur.