GERBER, J.
The appellant lender moved for a prejudgment writ of replevin pursuant to Section 78.055, Florida Statutes (2010), to recover four aircraft which the borrowers’ lessee maintained in Broward County. The circuit court denied the motion. We reverse, concluding that the lender met its burden of showing that its motion for a prejudgment writ of replevin- should have been granted.
The lender initially filed an action to recover the aircraft from the borrowers in Illinois, where the borrowers were based. In response, the borrowers alleged that they had leased the aircraft to appellee South Aviation, Inc. (the “lessee”) which maintained the aircraft in Broward County. According to the borrowers, the lessee filed liens against the aircraft and refused to return the aircraft because of the liens.
Based on the borrowers’ response, the lender and the borrowers agreed to submit a proposed order to the Illinois court. The order provided that the lender and the borrowers would establish a joint escrow account into which the lessee would be required to “deposit all sums payable to the [borrowers pursuant to [the lessee’s] use of the Aircraft.” The order further provided: “Nothing contained herein shall constitute a waiver of any right or remedy of [the lender] to pursue its legal and equitable rights against the [borrowers], the [lessee], and/or the [aircraft] to the full extent permitted under all applicable agreements and laws.” The Illinois court entered the order.
The lender then sued the lessee and its owner, appellee Machado, in Broward County for replevin, conversion, and in-junctive relief. The lender’s verified complaint:
(1) described the four aircraft by model number, serial number, and registration number, and stated that, to the best knowledge, information, and belief of the lender, the aircraft’s value was between $9,749,000 and $11,200,000, and that the aircraft’s location was the Fort Lauder-dale/Hollywood International Airport;
(2) stated that the lender is entitled to possession of the aircraft pursuant to notes and mortgages which the borrowers executed in favor of the lender or its predecessor, copies of which the lender attached to the complaint;
(3) stated that the aircraft are being wrongfully detained by the lessee or its owner, who came into possession thereof by virtue of lease agreements between the borrowers and the lessee, and that the cause of such detention is that the lessee’s owner has refused, upon the borrowers’ request, to return possession of the aircraft to the borrowers;
(4) stated that the aircraft have not been taken for a tax, assessment, or fine pursuant to law; and
(5) stated that the aircraft have not been taken under an execution or attachment against the lender’s property.
The verified complaint further alleged that the Broward action was necessary because the Illinois court questioned whether it had jurisdiction to order the lessee and its owner to surrender the aircraft.
*1122 Along with the complaint, the lender moved for an order directing the lessee to show cause why the court should not enter a prejudgment writ of replevin by which the aircraft would be taken from the lessee’s possession and delivered to the lender. The Broward court entered the order to show cause.
In response to the order to show cause, the lessee raised three material arguments: (1) the lessee’s liens on the aircraft were superior to the lender’s liens; (2) the Broward court lacked jurisdiction due to the Illinois court first exercising jurisdiction over the aircraft; and (3) the Broward court lacked jurisdiction over two aircraft which were not located in Broward County for the entire day on which the lender filed the verified complaint and over one aircraft which was not located in Broward County at any time that day.
In rebuttal, the lender argued that it was entitled to possession of the aircraft pursuant to the following section in the borrowers’ mortgages:
6.6 Return of Aircraft. Upon the occurrence of an Event of Default and demand by Lender, Borrower [sic] shall return the Aircraft by delivering the same forthwith to Lender....
The lender also relied on two sections in the leases between the borrowers and the lessee:
13.2 Quiet Enjoyment. So long as no Event of Default shall have occurred and be continuing!,] Lessor[s] shall not disturb Lessee’s quiet and peaceful use and enjoyment of the Aircraft for its intended purpose. NOTWITHSTANDING THE FOREGOING OR ANY OTHER PROVISION HEREOF, IT IS EXPRESSLY UNDERSTOOD BY [THE LESSEE] THAT ITS QUIET ENJOYMENT OF THE AIRCRAFT IS AT ALL TIMES, EVEN WHEN NO EVENT OF DEFAULT EXISTS HEREUNDER, SUBJECT AND SUBORDINATE TO THE RIGHTS OF [THE LENDER] IN AND TO THE AIRCRAFT.
[[Image here]]
16.4 No Lessee Liens. Lessee shall not create or suffer to exist any Liens on the Aircraft or any of its rights under the Lease except, ... (iii) inchoate material men’s, workmen’s, repairmen’s ... or other like Liens.... All Liens created by repairers or vendors in the ordinary course of Lessee’s business shall be cleared by Lessee....
After the hearing, the Broward court entered an order denying the lender’s motion for a prejudgment writ of replevin. The order did not contain any findings of fact or conclusions of law.
The lender then filed this appeal. Our review is de novo. See United Healthcare of Fla., Inc. v. Brown, 984 So.2d 583, 585 (Fla. 4th DCA 2008) (“As the trial court made no findings of fact or law, we review the order de novo, applying the relevant law to the facts available in the record.”).
We conclude that the Broward court erred in denying the lender’s motion for a prejudgment writ of replevin. We base our conclusion on three grounds. First, the lender’s verified complaint recited and showed all of the information required to obtain an order authorizing the issuance of a prejudgment writ of replevin. Section 78.055, Florida Statutes (2010), provides that “[t]o obtain an order authorizing the issuance of a writ of replevin prior to final judgment, the plaintiff shall first file ... a complaint reciting and showing the following information”:
(1) A description of the claimed property that is sufficient to make possible its identification and a statement, to the best knowledge, information, and belief *1123 of the plaintiff of the value of such property and its location.
(2) A statement that the plaintiff is the owner of the claimed property or is entitled to possession of it, describing the source of such title or right. If the plaintiffs interest in such property is based on a written instrument, a copy of said instrument must be attached to the complaint.
(3) A statement that the property is wrongfully detained by the defendant, the means by which the defendant came into possession thereof, and the cause of such detention according to the best knowledge, information, and belief of the plaintiff.
(4) A statement that the claimed property has not been taken for a tax, assessment, or fine pursuant to law.
(5) A statement that the property has not been taken under an execution or attachment against the property of the plaintiff or, if so taken, that it is by law exempt from such taking, setting forth a reference to the exemption law relied upon.
Here, the lender’s verified complaint, which we outlined earlier in this opinion, recited and showed the required information to support all five of these statements.
Second, at the show cause hearing, the lender met its burden of proof. Section 78.067(2), Florida Statutes (2010), provides, in pertinent part:
[T]he court shall at the hearing on the order to show cause consider the affidavits and other showings made by the parties appearing and make a determination of which party, with reasonable probability, is entitled to the possession of the claimed property pending final adjudication of the claims of the parties. This determination shall be based on a finding as to the probable validity of the underlying claim alleged against the defendant. If the court determines that the plaintiff is entitled to take possession of the claimed property, it shall issue an order directing the clerk of the court to issue a writ of replevin,
(emphasis added). Here, the lender proved, with reasonable probability, that it is entitled to possession of the aircraft pending final adjudication of the parties’ claims. Section 6.6 of the underlying mortgages provides that upon the occurrence of an event of default and the lender’s demand, the borrowers “shall return the Aircraft by delivering the same forthwith to Lender.” The lender further proved the probable validity of its underlying claim alleged against the lessee. In Section 13.2 of the lease between the borrowers and the lessee, the lessee expressed its understanding that its quiet enjoyment of the aircraft is subordinate to the lender’s rights in the aircraft. In section 16.4 of the lease, the lessee agreed not to create any liens on the aircraft.
Third, the lender satisfied the additional requirements of section 78.068, Florida Statutes (2010), which provides, in pertinent part:
(1) A prejudgment writ of replevin may be issued and the property seized delivered forthwith to the petitioners when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the verified petition or by separate affidavit of the petitioner.
(2) This prejudgment writ of replevin may issue if the court finds, pursuant to subsection (1), that the defendant is engaging in, or is about to engage in, conduct that may place the claimed property in danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the court, or transfer to an innocent purchaser during the pendency of the action *1124 or that the defendant has failed to make payment as agreed.
Here, the lender’s verified complaint alleges specific facts which clearly show the nature of the lender’s claim, the amount thereof, and the grounds relied upon for the issuance of the writ. The lender further proved at the show cause hearing that the lessee is engaging in conduct that may place the aircraft in danger of removal from the state and the court’s jurisdiction by removing the aircraft from Broward County.
We reject the three arguments which the lessee raised in the circuit court. First, we are unconvinced by the lessee’s argument that its liens on the aircraft were superior to the lender’s liens. We conclude that the lessee waived any priority which its liens may have had because it agreed in sections 13.2 and 16.4 of the leases that its quiet enjoyment of the aircraft would be subordinate to the lender’s rights in the aircraft and that it would not create any liens on the aircraft. See Bueno v. Workman, 20 So.3d 993, 998 (Fla. 4th DCA 2009) (elements of waiver are: existence of a right which may be waived; actual or constructive knowledge of the right; and intent to relinquish the right).
Second, we are unconvinced by the lessee’s argument that the Broward court lacked jurisdiction due to the Illinois court first exercising jurisdiction over the aircraft. We conclude that the Illinois court did not exercise jurisdiction over the aircraft. Rather, the Illinois court merely exercised jurisdiction over the “sums payable” to the borrowers pursuant to the lessee’s use of the aircraft. As such, the principle of priority, which requires the identity of subject matter, does not apply. See Siegel v. Siegel, 575 So.2d 1267, 1272 (Fla.1991) (“As a matter of comity ... a court of one state may, in its discretion, stay a proceeding pending before it on the grounds that a case involving the same subject matter and parties is pending in the court of another state.”) (citation omitted). Further, the Illinois court agreed that nothing in its order constituted a waiver of the lender’s ability to pursue its rights against the lessee or the aircraft. Consistent with that order, the lender’s Broward action supplements the Illinois action instead of conflicting with it.
Third, we are unconvinced by the lessee’s argument that the Broward court lacked jurisdiction over the two aircraft which allegedly were not located in Bro-ward County for the entire day on which the lender filed the verified complaint and over the one aircraft which allegedly was not located in Broward County at any time that day. “It has long been established in this and other jurisdictions that a court which has obtained in personam jurisdiction over a defendant may order that defendant to act on property that is outside of the court’s jurisdiction, provided that the court does not directly affect the title to the property while it remains in the foreign jurisdiction.” Gen. Elec. Capital Corp. v. Advance Petroleum, Inc., 660 So.2d 1139, 1142 (Fla. 3d DCA 1995) (“GECC ”) (citations omitted).
GECC is very persuasive. There, a fuel supplier sued an aircraft owner in Dade County to foreclose the supplier’s lien upon the aircraft. The circuit court granted the supplier’s motion for summary judgment. On appeal, the owner argued that the circuit court did not have subject matter jurisdiction over the aircraft because the aircraft was not in Dade County or the State of Florida when the supplier filed its lien or when the court entered its summary judgment and foreclosure orders. The third district disagreed with that argument, holding that the circuit court properly exercised jurisdiction over the aircraft. Our sister court reasoned:
*1125 [The owner] incorrectly assumes that the trial court was bound to utilize in rem or quasi in rem jurisdiction to give effect to its orders. In advancing this argument, [the owner] overlooks the trial court’s valid assertion of in personam jurisdiction over it. We find that this assertion of personal jurisdiction over [the owner] clearly comports with the mandates of the Federal and Florida Due Process Clause[s]. As stated by the Florida Supreme Court in White v. Pepsico [, Inc., 568 So.2d 886 (Fla.1990) ]:
Due process recognizes that while the privilege to do business in a forum carries with it the benefits and protections of law of the forum state, it also carries with it certain obligations, such as the obligation to respond to suits brought against it in that forum. A corporation may be compelled to answer suits through a state court’s exercise of personal jurisdiction....
White, 568 So.2d at 888.
[[Image here]]
Accordingly ... the trial court in the instant case has the power to require [the owner] to locate and return the subject aircraft to Dade County, so as to proceed with the court’s order of foreclosure. In the event that the trial court finds that it is necessary to decree such an order, the court may, within the exercise of its powers, do whatever is necessary, including issuing an order of contempt, to compel [the owner] to acquiesce to its demands. The court may not, however, issue any orders which directly act on the aircraft, since the aircraft is not within the court’s in rem or quasi in rem jurisdictional domain. As a consequence, the order of foreclosure, naturally, may not be enforced until the aircraft is returned to Dade County.
GECC, 660 So.2d at 1142-43 (other internal citations omitted).
We conclude that the third district’s reasoning and directions apply here. We reverse and remand for the Broward court to enter an order granting the lender’s motion for a prejudgment writ of replevin. Based on that order, the Broward court shall have the power to require the lessee and its owner to locate and return the subject aircraft to Broward County, so as to proceed with the court’s replevin order. If the lessee and its owner do not do so, then the Broward court may do whatever is necessary, including issuing civil contempt and indirect criminal contempt orders, to compel the lessee and its owner to acquiesce to the court’s demands. However, the court may not issue any further orders which directly act on the aircraft until the court confirms that the aircraft are within its in rem or quasi in rem jurisdictional domain.

Reversed and remanded.

GROSS, C.J., and STEVENSON, J., concur.