DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KATHERINE ANN HYATT,**
Appellant,

v.

**JANE ELIZABETH ZIMMERMAN,**
in the interest of M.H., a minor child, and
**THE ESTATE OF MARK RICHARD HYATT,**
Appellees.

Nos. 4D22-896 and 4D22-937

[July 19, 2023]

Appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Frank Ledee, Judge; L.T. Case Nos. FMCE 20-001384 and FMCE18-977(33).

Gustavo E. Frances of The Law Office of Gustavo E. Frances, P.A., Fort Lauderdale, for appellant.

Christopher N. Link of Christopher N. Link, P.A., Plantation, for appellees.

PER CURIAM.

We affirm the trial court's order requiring the former wife to terminate the trust, of which she was the sole beneficiary, and requiring her to satisfy mortgages the trust held on the marital home.[1]  The court had ordered the

---

[1] The trust and mortgages were discovered after the final judgment of dissolution. The former wife attempts to characterize the trust and mortgages as non-marital, but the trust beneficiaries were both the former husband and wife, as joint tenants with right of survivorship, and the sole assets of the trust were two mortgages on the marital home.  Because the former husband died shortly after the final judgment of dissolution, the former wife was the sole beneficiary of the trust.  Nevertheless, the mortgages were apparently assigned to the trust when the marital home was purchased nearly twenty years ago, as part of the purchase of the property by the parties.  Neither the trust nor the mortgages were listed on either party's financial affidavits.  Also, in the divorce proceedings, the parties never appear to have acknowledged the existence of the mortgages they held

termination of the trust to allow for the sale of the marital home, and in order to effectuate the equitable distribution set forth in the final judgment of dissolution, which included applying the former wife's share of the proceeds to satisfy her court ordered financial responsibilities, with any remainder of her share distributed to her.

We find the trial court had jurisdiction to order the former wife to dissolve the trust and compel her to quitclaim title of the marital home to the former husband's estate in order to enforce the sale of the marital home, even though the trial court did not have jurisdiction over the trustee. *See Lallouz v. Lallouz*, 695 So. 2d 466, 468 (Fla. 3d DCA 1997) ("The court's in personam jurisdiction alone provides the court with the authority to determine the equitable rights of the parties."); *see also Royal v. Parado*, 462 So. 2d 849, 854 (Fla. 1st DCA 1985) ("[C]ourts of equity having jurisdiction of the person of a party have exercised the power to compel him to perform a contract, execute a trust, or undo the effects of a fraud . . . .") (citation omitted). We find no merit in any of appellant's other raised issues.

*Affirmed.*

WARNER, DAMOORGIAN and KUNTZ, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

---

through trust on their own property, even though the former wife now recognizes their existence.