■ H. ROBERT FREDENBURGH et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 43116.) — *Per Curiam.* Appeal by the State from a judgment of the Court of Claims awarding claimants $15,150 representing direct and consequential damages for the appropriation of certain property owned by respondents in the Town of Middletown, Delaware County. Assuming *arguendo* that a specialty is here involved and thus that reproduction cost less depreciation is, therefore, a proper method of valuation (see *Levine* v. *State of New York,* 24 A D 2d 524; *Guthmuller* v. *State of New York,* 23 A D 2d 597; *Matter of City of New York* [*Lincoln Sq. Slum Clearance Project*], 15 A D 2d 153, 171, affd. 12 N Y 2d 1086), the award in the instant case cannot be upheld because the testimony of respondents' expert witness, which the trial court must have relied on to reach the decision rendered, is so lacking in factual

support as to be entitled to little, if any, probative value and certainly is not sufficient to sustain the present award (*Katz* v. *State of New York*, 10 A D 2d 164, 166). With respect to the structures, respondents' expert did no more than recite that he was using reproduction cost and then state in conclusory fashion what his ultimate valuation using such method was. He gave no reproduction figures nor did he set out any depreciation factors. Thus the only possible conclusion on this state of the record is that his figures were the result of sheer speculation. Similarly he produced a land valuation which purportedly was based on comparable sales. But what sales? None were served; none were identified; no values were given; no adjustments explained. Again all that the record reveals is a conclusory ultimate valuation. We are thus faced with a result shorn of any expert support and without any other basis being given by the Trial Judge upon which a proper review might be possible (see *Spyros* v. *State of New York*, 25 A D 2d 696; *Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428), and accordingly a new trial is required. Upon retrial the deficiencies above discussed should be supplied. In addition, the doubtful question whether this was specialty property should be explored upon adequate proof and the court's conclusion and the basis therefor should be clearly stated. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.