PER CURIAM.
This litigation arises out of supplementary proceedings on a judgment rendered on a promissory note wherein the judgment creditor attempts to levy on a stock certificate owned by the judgment debtor. Before the judgment, but in apparent anticipation of judgment, the judgment debtor allowed the stock certificate to be delivered to its parent corporation in California.
On the judgment creditor’s motion to produce the stock and the judgment debt- or’s refusal or inability to so produce, the court entered its order deeming the stock certificate to be lost and unaccounted for and for the issuer of the stock to reissue a new certificate and place it in the hands of the sheriff. This is an appeal from said order.
The ultimate question is whether the court had authority to order the issuer to issue a new certificate in place of the original certificate which was outside the jurisdiction of the court.
The authorities cited by the judgment creditor in support of this procedure are Fla.Stat. §§ 678.405; 678.317; 678.320 and 678.401 (1973) of the Uniform Commercial Code and Hodes v. Hodes, 176 Or. 102, 155 P.2d 564 (1945). The court has also considered Fla.Stat. §§ 56.29; 608.39 and 608.-42 (1973).
Upon consideration of the briefs, oral argument and the record on appeal we are of the opinion that the above-mentioned authorities were misapplied to the facts of this case. While there is ample evidence to support the court’s declaration that the securities were wrongfully taken outside the jurisdiction of the court in an attempt to circumvent the rights of the judgment creditor, there is no legal or decisional basis for the court to order the reissue of a new stock certificate.
Accordingly the order appealed from is reversed and the cause remanded with instructions that an order be entered directing the cancellation of the newly issued stock certificate.
Reversed and remanded.
WALDEN, C. J., MAGER, J., and GRID-LEY, WILLIAM C., Associate Judge, concur.