■ In the Matter of ROCK-TIME, INC., Respondent, v FINANCE ADMINIS-

TRATOR OF THE CITY OF NEW YORK et al., Appellants.—Judgment, Supreme Court, New York County, entered on or about June 24, 1971, reducing assessments on petitioner's property for the tax years 1965/1966 to 1970/1971 inclusive, reversed, on the law and on the facts, petition dismissed and assessments reinstated and confirmed, without costs. Section 720 of the Real Property Tax Law requires, *inter alia,* that the "report of the referee * * * shall contain the essential facts found upon which the ultimate finding of facts is made". The Special Referee's decision does not state the "essential facts" upon which he predicated the reduction in tax assessments in this proceeding. Nonetheless, since the record is complete, we address ourselves to the merits of this tax certiorari proceeding *(Matter of Trinity Place Co. v Finance Administrator of City of N. Y.,* 72 AD2d 274). Petitioner challenges the tax assessments for the Time and Life Building for the years 1965/1966 to 1970/1971 inclusive. The total assessments range from $47.5 million to $50.15 million for the years in question. These assessments are presumed to be valid. Petitioner has the burden of showing by substantial evidence that the assessments are excessive *(Matter of General Motors Corp. v Finance Administrator of City of N. Y.,* 70 AD2d 843). For the reasons discussed below, we find that the petitioner has not carried that burden. First, it should be stressed that acquisition and construction costs are relevant to the determination of proper assessments. *(Matter of Pepsi-Cola Co. v Tax Comm. of City of N. Y.,* 19 AD2d 56, 59). By petitioner's own calculations, this combined cost was no lower than $68 million. This figure exceeds the highest total assessment for the subject period by approximately $18 million. Second, the amount of any mortgage loan is also of assistance in fixing assessments *(Matter of Campagna v Tax Comm. of City of N. Y.,* 27 AD2d 832). There is no dispute that the first mortgage loan on this property was in the amount of $50 million. Thus, the first mortgage loan exceeded the assessment for all but the last tax year under discussion. The assessed value for that last year, 1970/1971, exceeded the loan by only $150,000. Therefore, if the first mortgage loan was the sole factor considered, a reduction in the assessments was unwarranted. Third, comparable sales may be considered in setting land value. Respondents' appraiser analyzed 21 sales in this highly desirable vicinity to support his land values. Petitioner's appraiser, on the other hand, did not submit one comparable sale in this uptown area. Thus, petitioner's appraisal is merely a "conclusory ultimate valuation" that does not probatively support its contention of overvaluation (cf. *Fredenburgh v State of New York,* 26 AD2d 966, 967). Our discussion of the foregoing indicia of value supports the conclusion that the assessments were properly fixed by the respondents. Since the petitioner failed to demonstrate by substantial competent evidence that this property was overvalued, the petition must be dismissed and the assessments must be reinstated *(Matter of Manufacturers Hanover Trust Co. v Tax Comm. of City of N. Y.,* 31 AD2d 606, affd 28 NY2d 514). Concur—Murphy, P. J., Kupferman, Sandler, Lupiano and Lynch, JJ.