OPINION OF THE COURT
Kenneth H. Lange, J.
This is a motion by petitioner for an order vacating the attachments on the petitioner’s Keogh and IRA accounts held *595 in the Scarsdale National Bank, and vacating and discharging the warrants filed in the office of the Westchester County Clerk, and a cross motion by respondent for an order dismissing the petition.
The New York State Tax Commission, respondent, filed three separate warrants against petitioner in the office of the Westchester County Clerk in January 1970, August 1983 and November 1983 pursuant to Tax Law article 22. The aggregate amount of the three warrants is $4,047.36.
Petitioner contends that the warrants were filed beyond the Statute of Limitations; that the warrants were not judgments on the merits; that he was never served notices of the deficiencies; that the IRA and Keogh accounts were funded by money borrowed from petitioner’s wife and consequently these trusts were not "self settled”; and the Keogh and IRA accounts are exempt from execution or attachment by judgment creditors.
The warrants in the instant matter were all filed within the six-year Statute of Limitations (Tax Law § 692). The 1970 warrant covered taxes owed for the year 1967. The August 1983 warrant covered taxes owed for the years 1979, 1980 and 1981. The November 1983 warrant covered taxes owed for the year 1982.
The warrants filed by the New York State Tax Commission with the County Clerk are deemed judgments and there is no requirement as petitioner suggests of a "due process hearing” (Tax Law § 692) unless the taxpayer files a petition with the Tax Commissioner within 90 days of notice of deficiency (Tax Law §§ 681, 689) or a request for judicial review is made within four months of said notice of deficiency (Tax Law § 690). Petitioner has failed to do either.
Petitioner claims that upon information and belief he was not served with the notices of deficiency. There is a presumption of regularity with respect to government agencies in that it is presumed they "act honestly and in accordance with law and do nothing contrary to official duty nor omit anything which official duty requires to be done.” (Fisch, New York Evidence § 1134.) Respondent has set forth its procedures with respect to notice and petitioner has failed to produce substantial competent evidence to the contrary (Matter of Rock-Time v Finance Administrator, 75 AD2d 526 [1980]).
Petitioner’s claim that the accounts in question were funded by his wife and therefore not self-settled is without merit. Petitioner has failed to prove that the funds in question were *596 held by him "in trust” for the benefit of another person, such as his wife (CPLR 5205 [c]).
Finally, petitioner argues that IRA and Keogh accounts are exempt property from attachment. Petitioner relies on Helmsley-Spear v Winter (74 AD2d 195, affd 52 NY2d 984) to support his argument. The Helmsley case concerns a pension plan created by an employer for the benefit of its employees and is clearly distinguishable from the case at bar. The Employment Retirement Income Security Act of 1974 (ERISA) provides in subdivision (d) of section 206 (29 USC § 1056 [d]): "(d) * * * (1) Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated.” (Emphasis supplied.) The IRS has promulgated regulations pursuant to ERISA to the effect that such pension plans may not be "alienated or subject to attachment.” (26 CFR 1.401 [a]-13 [b] [1] [1980].) These regulations specifically refer to pension plans.
The IRA and Keogh accounts which are the subject of the instant attachment are not pension plans and were not created by the petitioner for the benefit of another or "in trust” for another, therefore they are subject to attachment. They were created by the depositor for his sole benefit. All the deposits remain the funds of the depositor. The accounts are not held in trust for the benefit of another, and no other person has an interest in such funds (Plymouth Rock Fuel Corp. v Bank of New York, 91 Misc 2d 837, affd 102 Misc 2d 235 [App Term, 2d Dept 1979]; Bender v East N. Y. Sav. Bank, NYLJ, Aug. 20, 1984, p 12, col 3 [Sup Ct, NY County]; CPLR 5205 [c]).
Petitioner’s motion to vacate the attachments is denied and respondent’s cross motion to dismiss the petition is granted.