HARRIS, Judge.
ON EMERGENCY MOTIONS FOR STAY PENDING REVIEW
Exceletech, Inc. and Beth M. House, in consolidated cases, each move for an emergency stay of sheriff’s sale. We deny the motions.
S.W. Williams obtained a judgment in excess of $4,000,000 against John D. Brown and Beth House. After discovery and attempted discovery in an effort to learn the location of stock certificates owned by Brown and House in Exceletech, it was determined that Brown would not respond to discovery and House responded that she did not know where her stock was.
Brown and House together owned a majority interest in Exceletech with the remaining stock owned by other family members.
Exceletech was impleaded and ordered to reissue the Brown and House stock and deliver it to the Sheriff for execution. Exceletech and House rely on Florida Boca Raton Housing Ass’n., v. Malone, 325 So.2d 22 (Fla. 4th DCA 1976), cert. denied, 336 So.2d 602 (Fla.1976), for the proposition that the court lacks jurisdiction to order a corporation to reissue stock of judgment debtors. We disagree with Malone.
Section 678.317(6) Florida Statutes (1989), provides:
A creditor whose debtor is the owner of a security is entitled to aid from courts of appropriate jurisdiction, by injunction *1013 or otherwise, in reaching the security or in satisfying the claim by means allowed by law or in equity in regard to property that cannot readily be reached by ordinary legal process.
We believe this authorizes a judge to order a closely held corporation controlled by the judgment debtors to reissue stock certificates in their names when they refuse to respond to discovery or to disclose the location of the original stock certificate.
MOTIONS DENIED.
COBB and W. SHARP, JJ., concur.