BROWN, LUCY CHERNOW, Associate Judge.
The New York State Commissioner of Taxation and Finance (“NYS”) appeals the trial court’s sua sponte dismissal, with prejudice, of its domesticated judgment. NYS obtained a judgment against appel-lees in 1993, complying with all requirements to transform the tax liability of $11,249.12, including interest, into a final judgment under New York law. In April 2002, after the Haywards had paid more than fifty percent of the debt, they moved to Florida. NYS then properly recorded the New York judgment in Broward County, complying with all requirements of the Florida Enforcement of Foreign Judgment Act (“FEFJA”). FEFJA is a simplified alternative procedure for domestication of foreign judgments. Once registered under FEFJA, a foreign judgment is treated as a Florida judgment. § 55.503, Fla. Stat. (2000); Michael v. Valley Trucking Co., 832 So.2d 213 (Fla. 4th DCA 2002).
Joyce Hayward contested the validity of the judgment, arguing that the tax liability was not a New York judgment, and therefore was not subject to enforcement in Florida under FEFJA. The trial court sua sponte dismissed the domesticated judgment, with prejudice, but without explanation. However, the judgment was indeed valid under section 692, NYTL, which provides that warrants filed by the New York State Tax Commissioner with the New York county clerk are deemed judgments. Abrahams v. New York State Tax Comm’n, 131 Misc.2d 594, 500 N.Y.S.2d 965 (Sup.1986). See also New York State Comm’r of Taxation and Fin. v. Friona, 30 Fla. L. Weekly D805 (Fla. 4th DCA), withdrawn and superseded by 2005 WL 1109580, 902 So.2d 864 (Fla. 4th DCA May 11, 2005). There is no requirement for a due process hearing, and taxpayers have 90 days to file a petition with the tax commissioner upon a Notice of Deficiency, or four months after the Notice of Deficiency to request judicial review. Accordingly, NYS’s judgment against the Haywards was a valid judgment under New York law.
The judgment was final also as to Florida. Once the judgment was filed in Bro-ward County, the Clerk mailed notification to the Haywards, and the judgment became enforceable, even if only one of the Haywards had received notice from the Clerk. See § 55.505, Fla. Stat. (2002).
The judgment debtor may file an action- contesting the validity of the foreign judgment if the action is filed within thirty days after the date on which the foreign judgment was recorded. § 55.509, Fla. Stat. (2005). The Haywards did contest the validity of the New York judgment. However, the attack was made almost fifteen years after the New York judgment had been entered, following the Haywards’ payment of over 50% of their tax liability. This attack on the validity of the New York judgment was untimely under New York law. Abrahams, 131 Misc.2d 594, 500 N.Y.S.2d 965. Furthermore, a properly recorded foreign judgment has the same effect as a judgment of a court of the State of Florida. Michael, 832 So.2d at 215. The recording of a foreign judgment and proceedings to enforce that judgment pursuant to FEFJA do not constitute “an action on the judgment.” Young v. McKenzie, 46 So.2d 184 (Fla.1950). The principles of finality of judgments and res judicata favor the validity of this judgment.
The Haywards’ complaint about venue is likewise without merit. FEFJA provides that a foreign judgment may be recorded *311 in any county. Accordingly, we find NYS’s judgment is entitled to full faith and credit. U.S. Const. Art. IV, § 1; ■ 28 U.S.C. § 1739.

Reversed and Remanded.

FARMER, C.J., and STEVENSON, J., concur.