DAMOORGIAN, C.J.
Harry Sargeant, III, Mustafa Abu-Naba’a, and International Oil Trading Company, LLC (“the debtors”) appeal the trial court’s non-final order granting Mohammad Anwar Farid Al-Saleh’s (“the creditor”) motion to compel the debtors to turn over stock certificates evincing their ownership interest in several foreign entities. We reverse the trial court’s ruling because the court lacked jurisdiction to compel the turnover of property located outside the State of Florida.
This case arises from the creditor’s suit against the debtors for breach of an agreement to ship oil across Jordan for use by the United States military in Iraq. Following a jury verdict of $28.8 million, the trial court entered judgment against the debtors and we affirmed. Sargeant v. Al-Saleh, 120 So.3d 86, 87-88 (Fla. 4th DCA 2013).
The creditor filed a motion for proceedings supplementary to execution pursuant to section 56.29, Florida Statutes (2012). The motion sought to compel the debtors to “turn over all stock certificates and similar documents memorializing their ownership interest in any corporation.” The debtors opposed the motion, arguing that the stock certificates concerned assets *434 located abroad — in the Bahamas, the Netherlands, Jordan, the Isle of Man, and the Dominican Republic — and therefore, the trial court lacked jurisdiction to compel the turnover.[1] Without conducting an evi-dentiary hearing, the trial court entered an order compelling the debtors to turn over the stock certificates to their counsel. This appeal follows.
On appeal, the debtors maintain that the trial court lacked jurisdiction to compel the turnover of the stock certificates. They argue that Chapter 56, Florida Statutes, does not apply extraterrito-rially and that in order to execute the judgment against their foreign assets, the creditor must proceed under the laws of the foreign jurisdictions where the stock certificates are held. The creditor counters that the trial court had the authority to compel the turnover of the stock certificates by virtue of its in personam jurisdiction over the debtors. We disagree and reverse.
While we recognize that the trial court has discretion in supplementary proceedings brought pursuant to section 56.29, Florida Statutes, see Donan v. Dolce Vita Sa, Inc., 992 So.2d 859, 861 (Fla. 4th DCA 2008), this case presents issues of law, which we review de novo, see Sanchez v. Renda Broad. Corp., 127 So.3d 627, 628 (Fla. 5th DCA 2013).
Section 56.29(5) provides that “[t]he judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.” § 56.29(5), Fla. Stat. (2012). Section 56.29(9) further provides that “[t]he court may enter any orders required to carry out the purpose of this section to subject property or property rights of any defendant to execution.” § 56.29(9), Fla. Stat. However, Florida courts do not have in rem or quasi in rem jurisdiction over foreign property. See Paciocco v. Young, Stem & Tannenbaum, P.A., 481 So.2d 39, 39 (Fla. 3d DCA 1985) (“A Florida trial court has no in rem jurisdiction over notes secured by mortgages on real property located in a foreign state....”); see also Rodriguez v. Smith, 673 So.2d 559, 560 (Fla. 3d DCA 1996) (order requiring Miami police officer to retrieve petitioner’s personal property from the City of Philadelphia Police Department was not enforceable because the City of Philadelphia Police Department is outside the trial court’s jurisdiction).
The creditor’s argument that the trial court had jurisdiction to order the debtors to turn over the stock certificates is primarily based on two cases, both of which we find distinguishable. First, the creditor cites to General Electric Capital Corp. v. Advance Petroleum, Inc., 660 So.2d 1139 (Fla. 3d DCA 1995). There, the Third District noted that:
[i]t has long been established in this and other jurisdictions that a court which has obtained in personam jurisdiction over a defendant may order that defendant to act on property that is outside of the court’s jurisdiction, provided that the court does not directly affect the title to the property while it remains in the foreign jurisdiction.
Id. at 1142. We find that this case is distinguishable from General Electric Capital Corp. because the creditor in General Electric Capital Corp. had a perfected lien on the property that the trial court or *435 dered the debtor to return to the State of Florida. See id. at 1141^43.
Additionally, we are not persuaded by the creditor’s reliance on Koehler v. Bank of Bermuda Ltd., 12 N.Y.3d 533, 883 N.Y.S.2d 763, 911 N.E.2d 825 (2009). In Koehler, the Court of Appeals of New York considered “whether a court sitting in New York may order a bank over which it has personal jurisdiction to deliver stock certificates owned by a judgment debtor ... to a judgment creditor, pursuant to CPLR article 52, when those stock certificates are located outside New York.”[2] Id., 883 N.Y.S.2d 763, 911 N.E.2d at 827. The court answered this question in the affirmative, noting that “CPLR article 52 contains no express territorial limitation barring the entry of a turnover order that requires a garnishee to transfer money or property into New York from another state or country.” Id., 883 N.Y.S.2d 763, 911 N.E.2d at 829-31. We find Koehler distinguishable because the trial court in Koehler had personal jurisdiction over the bank holding the foreign assets. Furthermore, unlike Koehler, the order in this case is governed by section 56.29, Florida Statutes. Though we recognize that section 56.29 does not contain any express territorial limitation on the court’s ability to order a judgment debtor to transfer money or property into the State of Florida, we find that the Koehler decision turned on a broad reading of the applicable New York statute and we decline to follow it here.
From a policy standpoint, we agree with the Koehler dissent. We are not aware of any Florida statute or case that expressly permits the action taken by the court in Koehler or by the trial court in this case. Furthermore, we are concerned about the practical implications of permitting Florida trial courts to order judgment debtors to turn over assets located outside the state. First, there may be competing claims to the foreign assets and we believe “that claims against a single asset should be decided in a single, forum — and ... that that forum should be, as it traditionally has been, a court of the jurisdiction in which the asset is located.” Koehler, 883 N.Y.S.2d 763, 911 N.E.2d at 831 (Smith, J., dissenting). Second, we emphasize that allowing trial courts to compel judgment debtors to bring out-of-state assets into Florida would effectively eviscerate the domestication of foreign judgment statutes. See §§ 55.501-09, Fla. Stat. (2013) (detailing the procedure for recording foreign judgments so that they will be extended full faith and credit by the Florida courts); see also New York State Comm’r of Taxation & Fin. v. Hayward, 902 So.2d 309, 310 (Fla. 4th DCA 2005) (citing Michael v. Valley Trucking Co., 832 So.2d 213, 215 (Fla. 4th DCA 2002)) (“a properly recorded foreign judgment has the same effect as a judgment of a court of the State of Florida”).
In light of these policy considerations and the absence of controlling case law, we find that the trial court did not have the authority to order the debtors to turn the foreign stock certificates over to their counsel.

Reversed.

GROSS and TAYLOR, JJ., concur.

. The record does not refute the debtors' claim that the stock certificates are located outside of this jurisdiction.

. "Article 52 authorizes a judgment creditor to file a motion against a judgment debtor to compel turnover of assets or, when the property sought is not in the possession of the judgment debtor himself, to commence a special proceeding against a garnishee who holds the assets.” Koehler, 883 N.Y.S.2d 763, 911 N.E.2d at 828.