# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1327

_____

JOHN G. SCHANCK,

    Appellant,

    v.

WILLIAM M. GAYHART and
DEBRA L. BUCHANAN, as Co-
Personal Representatives of the
Estate of Myong-He Gayhart,

    Appellees.

_____

On appeal from the Circuit Court for Duval County.
Hugh A. Carithers, Judge.

April 30, 2018

B.L. THOMAS, C.J.

Appellant argues that the trial court exceeded its authority and improperly exercised jurisdiction over assets located outside of Florida. The court ordered Appellant to cancel, reissue, and turn over to his former wife's estate stock and membership certificates in Stellar Recovery, Inc., and DataSignals, LLC, Florida business entities owned solely by Appellant. Because we conclude the trial court was within its legal and equitable authority to aid the Estate in executing a monetary judgment against Appellant, we affirm.

# I. BACKGROUND

In 2015, the marriage between Appellant and his late wife Myong-He Gayhart was dissolved by Consent Final Judgment. Gayhart waived alimony and claims to her share of certain assets, including any interest in Stellar Recovery, Inc., in exchange for an equalizing payment of $2.5 million, to be paid by Appellant in monthly installments. Thus, Appellant was able to retain 100% interest in Stellar.

As Gayhart was terminally ill, the settlement agreement specifically provided that the payments would survive her death and could be enforced by her estate. But following Gayhart's death, Appellant failed to make payments to the Estate. A judgment for $207,862.64, covering five consecutive missed payments, was entered December 20, 2016. Appellant paid this judgment on February 9, 2017, but by that time had failed to make payments due in January and February 2017, and a second judgment for $74,475.81 was entered on February 27, 2017.

At his deposition in February 2017, Appellant testified that he did not know where the stock certificates were located. The Estate then filed a motion seeking a court order to aid in executing the judgment against Appellant. The motion requested that the court order Appellant to turn over the stock and membership certificates in Stellar Recovery, Inc. and DataSignals, LLC, and that if the certificates had been lost or were unable to be located, to order Appellant to reissue the certificates and turn them over to the Estate.

Appellant did not appear at the hearing on the Estate's motion, but the parties stipulated to his affidavit his testimony. Appellant asserted that in December 2016 or January 2017, the Stellar and DataSignals certificates had been transported to his new wife's residence in Canada. Although this change in location occurred only weeks before Appellant's deposition, where he testified that he did not know where the certificates were located, he provided no explanation for his change in testimony. Appellant's counsel stated that she had only recently learned the certificates were in Canada and that the location was "a surprise to all of us."

Appellant's counsel conceded that the law permitted a creditor to take a debtor's interests in a single-member LLC or a corporation fully owned by the debtor, but contended that, because the certificates were located outside Florida, the court lacked jurisdiction. Appellant further argued that because the certificates were in a foreign jurisdiction, the Estate was required to seek relief in the foreign jurisdiction. The Estate argued that, while the court did not have *in rem* jurisdiction over the certificates, it had *in personam* jurisdiction over Appellant and could order him to take action with respect to the certificates. The Estate relied on section 678.1121(5), Florida Statutes, which broadly authorizes the court to give aid to a creditor to reach a certificated security interest.

The court, concluding that the certificates "could not be located," and disagreeing with Appellant that a "loophole in the law" required the Estate to pursue the certificates in other jurisdictions, ordered Appellant to cancel the existing stock and membership certificates in Stellar and DataSignals, reissue them in his name, and deliver them to counsel for the Estate. In his motion for rehearing and reconsideration, Appellant argued that Stellar and DataSignals were necessary parties to effectuate the court's order and that there was insufficient evidence that he had the authority or ability to personally cancel and reissue the certificates. The court denied the motion and this appeal follows.

## II. ANALYSIS

Appellant first argues the relief granted violates due process because it was not requested in the Estate's motion. Second, he argues that the court lacked jurisdiction to take action affecting the certificates and that section 678.1121, Florida Statutes, does not authorize the reissuance of stock and membership certificates. Finally, Appellant argues that he cannot personally effectuate the court's order, and that Stellar and DataSignals were necessary parties.

### A. Due Process

It is well-settled that where a particular form of relief is not requested by the parties and the matter is not tried by consent, the granting of such relief violates due process. *See, e.g.*,

3

*Wachovia Mortg. Corp. v. Posti*, 166 So. 3d 944, 945 (Fla. 4th DCA 2015). In its motion, the Estate requested that if the certificates "have been lost or cannot be located," such that Appellant could not be compelled to turn them over, the court order their reissuance. Appellant contends that, because he disclosed the location of the certificates before the hearing, and the Estate had not specifically requested reissuance of certificates at a known location outside the court's jurisdiction, he was not on notice that the relief of cancellation and reissuance could be granted.

The Estate requested cancellation and reissuance as an alternative remedy if its primary request that the court order Appellant to turn over the certificates could not be effected. Appellant then changed his testimony to reveal the supposed location of the certificates, and argued this deprived the court of jurisdiction to order him to turn them over.[*] Appellant cannot legitimately contend that he was without notice of this possible remedy. *See Cruz v. Domenech*, 905 So. 2d 938, 940 (Fla. 3d DCA 2005) (explaining that the issue of whether a particular form of relief has been properly invoked "must be guided by whether the pleadings provided the parties with sufficient notice that matters related to such relief would be at issue, and by the breadth and context of the hearing which grows out of those pleadings"). We hold that the order complied with due process.

## B. *Jurisdiction and Statutory Authority*

Appellant's substantive argument is that the court lacked jurisdiction to take action with respect to the certificates located in Canada, and that even if it had jurisdiction, it lacked authority under section 678.1121 to order their reissuance.

Appellant relied below on *Sargeant v. Al-Saleh*, 137 So. 3d 432 (Fla. 4th DCA 2014), for the proposition that, despite having

---

[*] As discussed further below, the court did have personal jurisdiction over Appellant to order him to turn over the certificates, notwithstanding their location in Canada, but it also had authority to order the alternative remedy of cancellation and reissuance.

4

personal jurisdiction over a debtor, the court cannot order the debtor to turn over assets located outside the state. In *Sargeant*, the Fourth District reversed a judgment compelling the turnover of stock certificates located in foreign countries, concluding that the lower court lacked *in rem* jurisdiction over the certificates, and that the *in personam* jurisdiction over the debtors did not confer upon the court the power to enter an order affecting the certificates. *Id.* at 434-35.

Although the Estate argued that a court may use its personal jurisdiction to order a defendant to act on foreign property, the trial court was persuaded by *Sargeant* and believed it could not direct Appellant to return the certificates to Florida and turn them over to the Estate. Instead, the court determined it could grant the alternative relief of cancellation and reissuance. Appellant argues that, under *Sargeant*, the court lacked jurisdiction to order action affecting the certificates in this alternative manner for the same reason it could not order him to return them, i.e., the court lacked *in rem* jurisdiction.

This Court has recognized that it is permissible for a trial court to direct a defendant over whom it has personal jurisdiction to act on property located outside its jurisdiction, if the title to the property is not directly affected while the property remains in the foreign jurisdiction. *See, e.g.*, *Ciungu v. Bulea*, 162 So. 3d 290, 294 (Fla. 1st DCA 2015). In *Ciungu*, this Court held that a probate court had authority to direct a party to effect distribution of property located in Romania by virtue of its personal jurisdiction over the party:

> 'It has long been established . . . that a court which has obtained in personam jurisdiction over a defendant may order that defendant to act on property that is outside of the court's jurisdiction, provided that the court does not *directly* affect the title to the property while it remains in the foreign jurisdiction.'

*Id.* (quoting *Gen. Elec. Capital Corp. v. Advance Petroleum, Inc.*, 660 So. 2d 1139, 1142 (Fla. 3d DCA 1995)) (emphasis in original).

In *General Electric*, the Third District affirmed an order requiring a lien debtor to return an aircraft to Florida based on

5

the court's personal jurisdiction over the debtor. 660 So. 2d at 1142-43. The Third District explained that "the trial court's proper assertion of in personam jurisdiction over GECC entitles the court to act on GECC's possessory interest over the aircraft without directly acting on the aircraft itself." *Id.*

In reaching the opposite conclusion in *Sargeant*, the Fourth District recognized the holding of the Third District in *General Electric*, but attempted to distinguish *General Electric* on grounds that the creditor there had a perfected lien on the property at issue. 137 So. 3d at 434-35. But this Court made no such distinction when relying on *General Electric* in *Ciungu*, nor do we see a basis to do so here. Rather, as in *General Electric* and *Ciungu*, the action directed here, to a party over whom the court had undisputed personal jurisdiction, did not directly affect title to the assets while they remained outside the court's jurisdiction. *See Ciungu*, 162 So. 3d at 294. Accordingly, while the only issue before us is whether the court properly ordered the alternative relief of reissuance, we observe that the court had jurisdiction to either order Appellant to return or reissue the certificates, as neither remedy would directly affect title to the certificates while they remained in Canada. *See id.*

Appellant contends, however, that even if the certificates were within the court's jurisdiction, there is no express authority in section 678.1121, Florida Statutes, whereby the court can order the cancellation and reissuance of stock and membership certificates. Section 678.1121 outlines the procedure by which a creditor may reach a debtor's security interests:

> (1) The interest of a debtor in a certificated security may be reached by a creditor only by actual seizure of the security certificate by the officer making the attachment or levy, except as otherwise provided in subsection (4). . . .
>
> . . .
>
> (4) The interest of a debtor in a certificated security for which the certificate is in the possession of a secured party . . . may be reached by a creditor by legal process upon the secured party.

6

(5) A creditor whose debtor is the owner of a certificated security . . . is entitled to aid from a court of competent jurisdiction, *by injunction or otherwise*, in reaching the certificated security . . . or in satisfying the claim *by means allowed at law or in equity* in regard to property that cannot readily be reached by other legal process.

(Emphasis added.)

Appellant argues that section 678.1121 requires actual seizure of the certificates and does not authorize a court to order cancellation and reissuance. As Appellant notes, the Fourth District found no statutory basis for reissuance of a certificate taken outside the court's jurisdiction by a judgment debtor. *Florida Boca Raton Hous. Ass'n, Inc. v. Malone*, 325 So. 2d 22, 23 (Fla. 4th DCA 1976). The *Malone* court concluded that, although the securities were wrongfully taken outside the court's jurisdiction, "in an attempt to circumvent the rights of the judgment creditor, there is no legal or decisional basis for the court to order the reissue of a new stock certificate." *Id.*

However, the Fifth District later disagreed with the *Malone* decision, concluding that where one debtor refused to respond to discovery and the other indicated she did not know where the stock was, the trial court could order the corporation to reissue the stock certificate. *House v. Williams*, 573 So. 2d 1012, 1012 (Fla. 5th DCA 1991). The Fifth District concluded that the broad statutory language allowing a creditor to seek aid from the court "by injunction or otherwise, in reaching the security or in satisfying the claim by means allowed by law or in equity in regard to property that cannot readily be reached by ordinary legal process," authorized the court to require reissuance of the certificates. *Id.* at 1012-13.

Appellant attempts to distinguish *House* based on the fact that the location of the certificates was unknown in that case, while here their location had been disclosed, albeit in contradiction to Appellant's sworn deposition testimony. We decline to distinguish *House* on that basis. As in *House*, the securities here could not "readily be reached by ordinary legal process,"—that is, by seizure of the certificates. We hold that section 678.1121(5) authorizes a court to aid the creditor "in

7

reaching the security or in satisfying the claim by means allowed by law or in equity," including by ordering their reissuance, regardless of whether securities cannot be seized because their location is unknown or because the debtor has attempted to move them outside the court's reach,

## C. *Impleader of the Business Entities*

Finally, Appellant argues that because stock and membership certificates are issued by a corporation or limited liability company, not by shareholders or members, *see* sections 607.0603(1) and 605.0502(4), Florida Statutes, the court was required to direct its order to Stellar and DataSignals rather than to him, and these entities needed to be made parties to the case. We disagree.

The issuer of a certificated security must reissue a certificate upon request from the owner of the certificate. *See* § 678.4051, Fla. Stat. (providing procedure for reissuance of a lost, destroyed, or wrongfully taken security certificate). Appellant undisputedly owns and controls 100% of both Stellar and DataSignals. Notably, when Gayhart sought to add Stellar as a party during the dissolution proceedings, Appellant represented that he would—and thus could—provide discovery on Stellar's behalf "as if Stellar were a party" to the action. As such, we reject Appellant's contention he lacks the ability to comply with the court's order, both on statutory and equitable grounds.

## III. CONCLUSION

The trial court properly exercised its personal jurisdiction over Appellant to order relief authorized under the broad language of section 678.1121(5), Florida Statutes. Appellant is capable of complying with the court's order and had sufficient notice that reissuance of the certificates was a potential remedy.

AFFIRMED.

BILBREY and JAY, JJ., concur.

8

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————


Stephanie A. Sussman of Bledsoe, Jacobson, Schmidt, Wright & Sussman, Jacksonville; Gideon I. Alper and Jonathan B. Alper of Alper Law, PLLC, Oviedo, for Appellant.

Paul J. Battista, William Barry Blum and Heather L. Harmon of Genovese Joblove & Battista, P.A., Miami, for Appellees.