# Supreme Court of Florida

---

No. SC21-249

---

**YOUNG BOCK SHIM, et al.,**
Petitioners,

vs.

**FREDERICK F. BUECHEL, etc., et al.,**
Respondents.

May 26, 2022

LABARGA, J.

This case is before the Court for review of the decision of the
Fifth District Court of Appeal in *Buechel v. Shim*, 46 Fla. L. Weekly
D265 (Fla. 5th DCA Jan. 29, 2021). The district court certified that
its decision is in direct conflict with the decision of the Fourth
District Court of Appeal in *Sargeant v. Al-Saleh*, 137 So. 3d 432
(Fla. 4th DCA 2014). We have jurisdiction. *See* art. V, § 3(b)(4),
Fla. Const.

For the reasons discussed below, we approve the holding in
*Buechel* that a trial court may order a defendant over whom it has

in personam jurisdiction to act on foreign property pursuant to section 56.29(6), Florida Statutes (2021), and disapprove *Sargeant* to the extent that it holds otherwise.

**FACTS AND PROCEDURAL HISTORY**

The underlying cause of action filed by Petitioners Young Bock Shim and Cellumed Co., Ltd., involves a licensing agreement between the parties and the proceeds from the sale of a medical device company. *Buechel*, 46 Fla. L. Weekly at D266. Respondents Frederick F. Buechel and Cynthia C. Pappas (Creditors) prevailed at trial, and the trial court entered a judgment for damages in their favor. *Id.*

During proceedings supplementary, Creditors discovered that Shim "sold his stock in the other Judgment Debtor, [Cellumed], to a third party" and held a portion of proceeds—approximately $4,000,000—in a safe "at his home in South Korea in the form of a negotiable instrument drawn on funds deposited in a Korean bank." *Shim v. Buechel*, No. 2013-CA-1449-O, order at 2 (Fla. 9th Cir. Ct. Nov. 13, 2019). Creditors filed a motion to compel Shim to turn the proceeds over to Creditors, arguing the trial court could order Shim to do so pursuant to its in personam jurisdiction over Shim and the

- 2 -

broad discretion granted to courts under section 56.29(6). *Id.* at 3-4. The trial court disagreed, reasoning "Florida courts do not have in rem or quasi in rem jurisdiction over foreign property." *Id.* at 4 (citing *Burns v. State, Dep't of Legal Affairs*, 147 So. 3d 95, 97 (Fla. 5th DCA 2014)). Because Shim's property was in South Korea, the trial court denied Creditors' motion for lack of jurisdiction. *Id.* at 6.

On appeal, the district court reversed. *Buechel*, 46 Fla. L. Weekly at D266. The court explained that section 56.29(6) plainly authorizes a trial court to "order a debtor, over whom the court has in personam jurisdiction, to act on assets located outside of the court's territorial jurisdiction" and "in no way limits the court's reach to its territorial boundaries." *Id.* at D267. The court further explained that the well-established principles of personal jurisdiction provide a trial court with this authority:

> It has long been established . . . that a court which has obtained in personam jurisdiction over a defendant may order that defendant to act on property that is outside of the court's jurisdiction, provided that the court does not *directly* affect the title to the property while it remains in the foreign jurisdiction.
>
> . . . [A]lthough a court may not directly act upon real or personal property which lies beyond its borders, it

may indirectly act on such property by its assertion of in personam jurisdiction over the defendant.

*Id.* at D266 (citations omitted) (quoting *Gen. Elec. Cap. Corp. v. Advance Petroleum, Inc.*, 660 So. 2d 1139, 1142-43 (Fla. 3d DCA 1995)).

In contrast, *Sargeant* held the trial court "lacked jurisdiction to compel the turnover of property located outside the State of Florida," notwithstanding its in personam jurisdiction over the judgment debtor.  137 So. 3d at 433.

This review followed.

**ANALYSIS**

Trial courts have broad authority to carry out the execution of monetary judgments under section 56.29(6), which provides:

> The court may order any property of the judgment debtor, not exempt from execution, or any property, debt, or other obligation due to the judgment debtor, in the hands of or under the control of any person subject to the Notice to Appear, to be levied upon and applied toward the satisfaction of the judgment debt.  The court may enter any orders, judgments, or writs required to carry out the purpose of this section, including those orders necessary or proper to subject property or property rights of any judgment debtor to execution, and including entry of money judgments as provided in ss. 56.16-56.19 against any person to whom a Notice to Appear has been directed and over whom the court obtained personal jurisdiction irrespective of whether

- 4 -

> such person has retained the property, subject to applicable principles of equity, and in accordance with chapters 76 and 77 and all applicable rules of civil procedure. Sections 56.16-56.20 apply to any order issued under this subsection.

§ 56.29(6), Fla. Stat. (2021).

Citing policy concerns, the *Sargeant* court rejected the argument that a court may rely on its exercise of in personam jurisdiction to order that a judgment debtor's foreign property be used to satisfy a judgment debt. *See* 137 So. 3d at 435. However, when determining the meaning of a statute, courts do not reach policy considerations where the statute's meaning is clear. *See State v. Peraza*, 259 So. 3d 728, 730 (Fla. 2018) (quoting *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984) ("[W]hen the language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.")).

Section 56.29(6) unambiguously provides a trial court broad authority to "order any property of the judgment debtor . . . to be levied upon and applied toward the satisfaction of the judgment debt," including "any property, debt, or other obligation due to the

- 5 -

judgment debtor, in the hands of or under the control of any person subject to a Notice to Appear." § 56.29(6), Fla. Stat. (2021). To this end, a trial court "may enter any orders . . . necessary or proper to subject property . . . of any judgment debtor to execution," including "entry of money judgments . . . against any person to whom a Notice of Appear has been directed and *over whom the court obtained personal jurisdiction*, irrespective of whether such person has retained the property." *Id.* (emphasis added). While broad, that authority extends no further than the trial court's personal jurisdiction, and our decision today does not speak to judgment debtors over whom the trial court has no personal jurisdiction. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 255 (2010) ("When a statute gives no clear indication of an extraterritorial application, it has none."). Section 56.29(6), however, clearly contemplates that the trial court shall have obtained personal jurisdiction over the judgment debtors to whom the statute is being applied.

Moreover, as the *Buechel* court explained, it is well-established that a court's personal jurisdiction over a defendant gives the court the "power to require a defendant 'to do or to refrain from doing anything beyond the limits of its territorial jurisdiction which it

- 6 -

might have required to be done or omitted within the limits of such territory.' " *Fall v. Eastin*, 215 U.S. 1, 8 (1909) (quoting *French v. Hay*, 89 U.S. (22 Wall.) 250, 252-53 (1874)).  A court may "decree a conveyance of land situated in another jurisdiction, and *even in a foreign country*, and enforce the execution of the decree by process against the defendant."  *Id.* at 9 (emphasis added) (citing *Corbett v. Nutt*, 77 U.S. (10 Wall.) 464, 475 (1870)).  While a trial court has "no inherent power . . . to annul a deed or to establish a title" for property outside its jurisdiction, the trial court may indirectly do so by compelling the defendant to act on such property pursuant to its in personam jurisdiction.  *Id.* at 10 (quoting *Carpenter v. Strange*, 141 U.S. 87, 106 (1891) (quoting *Hart v. Sansom*, 110 U.S. 151, 155 (1884))).  The court's "decree *does not operate directly upon the property* nor affect the title, *but is made effectual through the coercion of the defendant."  *Id.* (emphasis added) (quoting *Carpenter*, 141 U.S. at 106 (emphasis added)).  A defendant's "obedience is compelled by proceedings in the nature of contempt, attachment, or sequestration."  *Id.* at 11.  Such penalties are imposed against the defendant—not the property—and serve to hold the defendant

accountable and prevent the defendant from relocating assets to avoid execution of a judgment.

The trial court here undisputedly had in personam jurisdiction over Shim, and it therefore could compel him to act on his foreign assets under section 56.29(6).

## CONCLUSION

For the reasons discussed, we approve the holding in *Buechel* that section 56.29(6) provides a trial court the authority to order a defendant over whom it has in personam jurisdiction to act on foreign property and disapprove *Sargeant* to the extent that it holds otherwise.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal Certified Direct Conflict of Decisions

Fifth District – Case No. 5D19-3716

(Orange County)

Christopher V. Carlyle and John N. Bogdanoff of The Carlyle Appellate Law Firm, Orlando, Florida,

for Petitioners

Edmond E. Koester and Matthew B. Devisse of Coleman,
Yovanovich & Koester, P.A., Naples, Florida, on behalf of Frederick
F. Buechel, Individually, and as Trustee of the Biomedical
Engineering Trust and Buechel-Pappas Trust; and Vello Veski of the
Law Office of Vello Veski, Palm City, Florida, on behalf of Cynthia C.
Pappas, as Personal Representative of the Estate of Michael J.
Pappas,

for Respondents