# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-4339
Lower Tribunal No. 23-MH-002072

_____

PAVILION AT HEALTHPARK, LLC d/b/a PARK ROYAL HOSPITAL,

Appellant,

v.

S.M.,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Lee County.
James R. Shenko, Judge.

March 7, 2025

NARDELLA, J.

Pavilion at Healthpark, LLC d/b/a Park Royal Hospital ("Park Royal") appeals the trial court's entry of a mandatory injunction requiring that, as to future unnamed patients, it comply with various provisions of Florida's Baker Act and Florida's Administrative Code. Park Royal argues, among other things, that the trial court erred by entering the injunction because no such relief was properly requested

by S.M. when he brought an action against Park Royal challenging his wife's involuntary commitment. On this dispositive ground we agree and reverse.[1]

S.M. filed a petition seeking a writ of habeas corpus to secure his wife's release from Park Royal and an order directing Park Royal to correct its alleged violations of his wife's rights under Florida's Baker Act and Florida's Administrative Code. The petition, however, sought no injunctive relief that would apply to Park Royal's future patients. Despite the lack of such a request, the trial court entered an injunction requiring Park Royal to comply with nine provisions of Florida's Baker Act and four provisions of Florida's Administrative Code with respect to all future patients. Park Royal argues, as it did below, that the trial court erred by entering the broad injunction because no such relief was requested in the petition. We review this issue de novo. *Butler v. Brown*, 338 So. 3d 392, 393 (Fla. 5th DCA 2022) (citing *Jenkins v. M.F.*, 280 So. 3d 507, 510 (Fla. 5th DCA 2019)).

"It is well-settled that where a particular form of relief is not requested by the parties and the matter is not tried by consent, the granting of such relief violates due process." *Schanck v. Gayhart*, 245 So. 3d 970, 972 (Fla. 1st DCA 2018) (citing *Wachovia Mortg. Corp. v. Posti*, 166 So. 3d 944, 945–46 (Fla. 4th DCA 2015)); *see also Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC*, 986 So. 2d 1244, 1252 (Fla.

---

[1] We decline to address Park Royal's other arguments challenging the injunction.

2

2008) ("'Florida law clearly holds that a trial court lacks jurisdiction to hear and to determine matters which are not the subject of proper pleading and notice,' and '[t]o allow a court to rule on a matter without proper pleadings and notice is violative of a party's due process rights.'" (alteration in original) (emphasis omitted) (quoting *Carroll & Assocs., P.A. v. Galindo*, 864 So. 2d 24, 28–29 (Fla. 3d DCA 2003))).

Nevertheless, that is what happened here. S.M. did not request a mandatory injunction in his petition as to future unnamed patients, but rather waited until later in the proceeding to request such relief. As to consent, Park Royal never gave it. Instead, after learning that S.M. was seeking such broad relief in his otherwise narrow action against Park Royal, it objected. Under this circumstance we must conclude that the trial court's entry of the mandatory injunction violated Park Royal's right to procedural due process because it received no notice through the petition that it could be subject to a mandatory injunction. *See Cardinal Inv. Grp., Inc. v. Giles*, 813 So. 2d 262, 263 (Fla. 4th DCA 2002) (reversing mandatory injunction requiring landlord to install new air conditioning system because pleadings did not request that type of injunctive relief); *Bull Motors, L.L.C. v. Brown*, 152 So. 3d 32, 36–37 (Fla. 3d DCA 2014) (reversing order granting mandatory injunction, in part, because the pleadings did not request the mandatory

3

injunction entered by the trial court).  Therefore, the order imposing the mandatory injunction is reversed.

REVERSED.

TRAVER, C.J., and WHITE, J., concur.


Megan G. Colter, Thomas A. Valdez, Todd M. Smayda, and Kristin W. Elza, of Quintairos, Prieto, Wood & Boyer, P.A., Tampa, for Appellant.

Justin Seth Drach, of Thoele | Drach, Jacksonville, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED