DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF LAUDERDALE LAKES, FLORIDA,**
Appellant,

v.

**TINISHA ALLEN,** et al.,
Appellees.

No. 4D2024-2584

[November 12, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE22-008087.

Sidney C. Calloway and Amy M. Wessel Jones of Shutts & Bowen LLP, Fort Lauderdale, for appellant.

No appearance for appellees.

EWEN, LILLIAN, Associate Judge.

The City of Lauderdale Lakes ("the City") appeals from the final judgment entered after a bench trial on the City's petition to foreclose against non-homestead property owned by the appellee Tinisha Allen ("Allen"), after she failed to pay several municipal code enforcement liens. On appeal, the City contends the trial court exceeded its jurisdiction. We agree with the City and reverse.

Over a two-year period from 2019 to 2021, the City's code enforcement officials inspected Allen's property and cited Allen for multiple code enforcement violations. When she failed to bring the property into compliance, the City's special magistrate held an evidentiary hearing in November 2019, which resulted in the entry of two separate orders imposing fines of $100.00 per day.

The special magistrate held another evidentiary hearing in March 2020 on additional violations, which resulted in the entry of two more orders fining Allen $100.00 per day and $250.00 per day, respectively. The

special magistrate conducted a third evidentiary hearing in December 2021, which resulted in a fifth order imposing a fine of $100.00 per day.

The City recorded the five orders in the Broward County public record, which constituted liens on the property. After waiting more than the statutorily required three months, the City petitioned to foreclose on the liens. § 162.09(3), Fla. Stat. (2022). The City eventually moved for summary judgment, claiming the total amount for the violations as $676,650.00.[1] After a hearing, the trial court granted the City's summary judgment motion in part, concluding the City was entitled to foreclose on the orders, but it deferred ruling on the total amounts due on the liens.

The trial court conducted a nonjury trial to determine the amount Allen owed to the City on the liens. Both parties submitted supplemental briefs after the trial. In its final judgment, the trial court sua sponte[2] ruled the total amount of the City's fines constituted a complete taking of Allen's property in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution.

The trial court recalculated the amount of the liens, reducing the total to $93,903.28. In lowering the total lien amount, the trial court considered the testimony of the parties and witnesses regarding the specifics of the violations,[3] the difficulties of the COVID-19 era, and Allen's inability to travel to the Florida property from her Georgia residence. The trial court awarded prejudgment interest on two of the five liens, and it did not award costs. The trial court denied the City's motion for rehearing.

---

[1] The City's petition also included counts for declaratory judgment and temporary and permanent injunctive relief. We decline to reach those issues in light of our holding.

[2] "Our courts have recognized that constitutional challenges to code enforcement ordinances/procedure may be raised in appeals of the order imposing the fine to the circuit court." *Martinez v. City of Lantana*, 410 So. 3d 15, 17 (Fla. 4th DCA 2025). Allen failed to properly raise a constitutional challenge by appealing any of the special magistrate's five orders, and the trial court improperly raised that challenge sua sponte.

[3] The trial court also assessed the gravity of the violations and assigned weight to each violation in its order. Taking sworn testimony and making findings of fact are firmly within the special magistrate's purview. § 162.07(3), Fla. Stat. (2024); §162.07(4), Fla. Stat. (2024).

In this case, the City merely sought to exercise its statutory right, under section 162.09(3), Florida Statutes (2022), to foreclose on the liens:

> A certified copy of an order imposing a fine, or a fine plus repair costs, may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator. Upon petition to the circuit court, such order shall be enforceable in the same manner as a court judgment by the sheriffs of this state, including execution and levy against the personal property of the violator, but such order shall not be deemed to be a court judgment except for enforcement purposes. A fine imposed pursuant to this part shall continue to accrue until the violator comes into compliance or until judgment is rendered in a suit filed pursuant to this section, whichever occurs first. A lien arising from a fine imposed pursuant to this section runs in favor of the local governing body, and the local governing body may execute a satisfaction or release of lien entered pursuant to this section. **After 3 months from the filing of any such lien which remains unpaid, the enforcement board may authorize the local governing body attorney to foreclose on the lien or to sue to recover a money judgment for the amount of the lien plus accrued interest.**

(Emphasis added).

"To foreclose on a code enforcement lien, a city is required to show the entry of an order imposing a lien, fines accrued from the order, and an outstanding balance on the lien." *City of Fellsmere v. Almanza*, 380 So. 3d 1199, 1201 (Fla. 4th DCA 2024). In the instant case, the City met its burden.

"A party dissatisfied with an enforcement board special magistrate's order can either appeal that order or choose to be bound by it. However, it cannot initiate a collateral attack on that order by commencing a new action in circuit court." *Brevard Cnty. v. Obloy*, 301 So. 3d 1114, 1117 (Fla. 5th DCA 2020). Allen had a remedy at law to contest the amount and duration of the fines under section 162.11, Florida Statutes (2022). However, she chose not seek that remedy by failing to appeal ANY of the special magistrate's five orders. Allen could not then collaterally attack the order by commencing a new action. *Id.*

Put simply, Allen waived her right to contest the amount and duration of the fines by failing to appeal the magistrate's orders. *Id.*; *see also Kirby v. City of Archer*, 790 So. 2d 1214, 1215 (Fla. 1st DCA 2001). We therefore reverse the final judgment that recalculated the liens and reinstate the lien amounts as determined by the special magistrate.

The trial court then compounded the error when it awarded accrued interest on only two of the five liens. "[T]he enforcement board may authorize the local governing body attorney to foreclose on the lien or to sue to recover a money judgment for the amount of the lien **plus accrued interest**." § 162.09(3), Fla. Stat. (2024). Here, the trial court failed to award interest on each of the liens. We therefore remand the case for imposition of interest on the five liens.

The trial court also exceeded its authority in fashioning the final judgment. "It is well-settled that where a particular form of relief is not requested by the parties and the matter is not tried by consent, the granting of such relief violates due process." *Pavilion at Healthpark, LLC v. S.M.*, 403 So. 3d 517, 519 (Fla. 6th DCA 2025) (quoting *Schanck v. Gayhart*, 245 So. 3d 970, 972 (Fla. 1st DCA 2018)); *see also Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC*, 986 So. 2d 1244, 1252 (Fla. 2008) ("Florida law clearly holds that a trial court lacks jurisdiction to hear and to determine matters which are not the subject of proper pleading and notice, and to allow a court to rule on a matter without proper pleadings and notice is violative of a party's due process rights." (emphasis omitted) (citation modified)).

Here, the trial court erred in ruling on issues that were neither raised in the pleadings, argued at trial, nor contained within the pretrial stipulation. The trial court sua sponte found the liens violated the Takings Clause of the U.S. Constitution, unilaterally decided the gravity of each violation, and weighed the effect of the pandemic orders on Allen's ability to bring the property into compliance. In doing so, the trial court violated the City's due process rights.

Finally, the trial court failed to award costs to the City, as statutorily authorized. *See* § 162.10, Fla. Stat. (2025).

We reverse the final judgment and remand for reinstating the lien amounts as determined by the special magistrate, recalculation of the interest, and assessment of costs in compliance with sections 162.09(3) and 162.10, Florida Statutes.

*Reversed and remanded with directions.*

4

KUNTZ, C.J., and MAY, J., concur.

\*      \*      \*

***Not final until disposition of timely-filed motion for rehearing.***